THE PEOPLE OF THE STATE OF ILLINOIS

*v.*

WILLIAM WINKELMAN.

*Filed at Mt. Vernon, June 14, 1880.*

TAXATION—*action to recover taxes on forfeited lands—of the declaration.* In an action to recover taxes due upon forfeited property, under the act of 1879 on that subject, it should be averred in the declaration that the defendant was

the owner of the forfeited property on the first day of May of the year or years for which the delinquent taxes were assessed, as such ownership at such time or times is essential to a right of recovery.

APPEAL from the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding.

Mr. GEORGE W. BROCHAUS, for the appellants:

This is an action of debt for taxes on forfeited property, brought under sec. 230 of the Revenue law, which is as follows:

"The county board may at any time institute suit in an action of debt in the name of the people of the State of Illinois, in any court of competent jurisdiction, for the *whole amount due on forfeited property*." Laws. 1871 and 1872, p. 55; Rev. Stat. 1874, p. 896; Laws 1879, p. 239.

The court sustained a demurrer to the declaration for the reason that it failed to set out the specific amount due for each of the years for which taxes were claimed, and that the defendant was the owner on the first day of May of each year for which taxes were claimed, and that the property on which the taxes were claimed to be due was assessed in the name of defendant in each year.

In this we think the court misconceived the true intent and meaning of the law.

It is true this section was amended in 1879 by adding to it the following: "Or any county, city, town, school district or other municipal corporation, to which any such tax may be due, may at any time institute suit in an action of debt in its own name, before any court of competent jurisdiction, for the amount of such tax due any such corporation on *forfeited property*, and prosecute the same to final judgment; and on the sale of any property, etc., etc., and in any such *suit or trial* for forfeited taxes, the fact that real estate is assessed to a person, firm or corporation shall be *prima facie* evidence that such firm or corporation was the owner thereof and liable for the taxes for the year or years for which the assessment

was made; and such fact may be proved by the introduction in evidence of the proper assessment book or roll, or other competent proof."

The Revenue law provides that the amount of back tax, interest, penalties and costs is to be added each year, with ten per cent interest, to the tax of the current year, and the *aggregate* amount so added together shall be collected in like manner as taxes on other real property for such year. See sec. 129, Revenue law; *The People* v. *Smith*, 94 Ill. 226.

Now, we contend that the judgment of each year is merged in the judgment of the next succeeding year, and that consequently the last judgment is the only judgment upon which an action can be maintained under sec. 230.

And the judgment in the county court for delinquent taxes, on proper service, or without any service if the owner appears in court, is conclusive as to the amount due, the same as any other judgment. *Graceland Cemetery* v. *The People*, 92 Ill. 138; Freeman on Judgments, sec. 135, and authorities there cited; *The People* v. *Sherman*, 83 Ill. 165; *Beers* v. *The People*, 83 id. 488; *Hale* v. *The People*, 87 id. 72.

Without the provision of sec. 230 an action at law for the recovery of taxes would undoubtedly lie on the original assessment and tax levy without any judgment or forfeiture being had at all. See Cooley on Taxation, p. 13.

In *Dugan* v. *Baltimore*, 1 Gill and J. p. 499, the court say the imposition and assessment of the tax "created the legal obligation to pay on which the law raised an *assumpsit*," notwithstanding the statute gave a special remedy.

Either debt or assumpsit may be sustained for the collection of taxes. Burroughs on Taxation, chap. XIV, p. 205, *et seq.*

In *Savings Bank* v. *United States*, 19 Wall. 227, it was even held that an action for the collection of a tax might be sustained *without any assessment made*.

Proceedings in suits for taxes take the ordinary course prescribed by law for the collection of money demands, except as the statute may have otherwise provided. Cooley on Tax-

ation, p. 300.  See also, *Ryan* v. *Gallatin County*, 14 Ill. 78; *Dunlap* v. *Gallatin County*, 15 id. 7; *Geneva* v. *Cole*, 61 id. 397.

Under the statutes of California of 1860 the district attorney was authorized to institute an action for taxes due on real or personal property.

Under this statute the Supreme Court of California decided that it made no difference whether judgment for taxes had been recovered against the property or whether any delinquent list had been published or not; that the district attorney was entitled to recover the tax due, together with interest and an attorney fee.  *The People* v. *Seymour*, 16 Cal. 332.

The form of the declaration is given in this case, and, it will be seen, it follows the language of the statute.

So in the case at bar, the declaration follows the language of the statute, the difference being that under our statute the forfeiture is the basis of the action, while in California the assessment is the basis of the action, without regard to judgment or forfeiture.

A demurrer admits the facts pleaded and merely refers the question of their legal sufficiency to the court.  1 Chitty Plead. 14 Am. ed. p. 662; Puterbaugh Com. Law Pl. and Pract. 5 ed. p. 266, and note *e,* and authorities there cited.

Mr. WILLIAM WINKELMAN, *pro se.*

The declaration fails to show that the defendants or either of them ever were the owners or in possession of lot number 146, in Scheel's addition to Mascoutah, or that the same was assessed in their name.  To fix a liability on a person for taxes he must be the owner, or in possession of the premises for which the taxes are claimed; if he is neither he can not be held liable.  We are unable to see how the defendants can be liable for the amount of the taxes claimed in the declaration unless it was shown affirmatively that they were the owners, or in possession of the premises at the time the taxes were assessed.  It is certainly not for the defendants to plead and prove that they were not liable, but it is for the plaintiff to

allege in his declaration and prove on trial, or if there is a default, everything necessary to constitute his cause of action. We contend that the declaration should allege that the defendants, at the time the taxes were assessed, were the owners, or in possessión, or in some manner liable to pay the taxes. The mere allegation in the declaration of being indebted to the people, etc., is a conclusion of law, and not a statement of facts on which issue may be joined. The declaration should state matters of fact on which issue may be joined by the defendants.

Would not the plaintiff have been required to prove that defendants were the owners or in possession of said lot, or that the same was assessed in their name at the time the liability for taxes accrued? That such proof would have been required, we presume will not be denied.

We contend that if such proof was necessary to a recovery it was equally necessary to have an allegation in the declaration to meet the proof, or, on default or demurrer, admit those facts without proof.

We also contend that the declaration should show whether the taxes sued for are for State, county, city, town, school district or other municipal corporation, the same as in an application to the county court by the sheriff for judgment for taxes. This we deem necessary, so that the defendant may be informed of the nature of the plaintiff's claim and be prepared to meet the same by proper pleas. He may plead payment to one tax and set up other defences to the balance of the tax. If the legislature deemed it necessary to have a specification in the application in the county court, we perceive no good reason why that specification should not be made in the declaration in the circuit court.

We further contend that the declaration should allege the years for which taxes are claimed and the time when defendants became liable to pay the taxes, so that the defendants may plead accordingly, because it is not infrequently the case that a large amount of taxes for a number of years has been

assessed on land in the name of the owner, and then the owner conveys the land to another person. Such purchaser, without an express agreement to that effect, can not be made liable in an action at law for the taxes due and unpaid on the land before his purchase and conveyance to him.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought in the name of the people, against William Winkelman and Pauline F. Cox, under an act of the legislature which authorizes an action to be brought to recover taxes due on forfeited property, in force July 1st, 1879. Laws of 1879, page 239. The declaration contained one count, as follows:

"The People of the State of Illinois, the plaintiffs, complain of William Winkelman and Pauline F. Cox, the defendants, of a plea, that they render unto the said people the sum of $315.13, which they owe to, and unjustly detain from, the said people of the State of Illinois.

"For that whereas the said defendants heretofore, to-wit: on the 15th day of November, A. D. 1879, to-wit: at the county aforesaid, were and still are indebted to the said plaintiffs in the sum of $315.13 for the amount theretofore due on property forfeited to the State of Illinois, according to the statute in such case made and provided, for non-payment of taxes, interest, penalties and costs, to-wit: on the following described real estate, situated in said county, to-wit: lot 146 in Scheel's addition to Mascoutah, $315.13, and to be paid by the said defendants to the said plaintiffs when the said defendants should be thereunto afterwards requested; whereby, and by reason of the last mentioned sum of money being and remaining wholly unpaid, an action hath accrued to the said plaintiffs to have of and from the said defendants the said sum of $315.13, above mentioned. Yet the defendants, though often requested so to do, have not paid the said sum of $315.13, above demanded, nor any part thereof to the said plaintiffs, but to do so have hitherto wholly failed and refused

27—95 ILL.

and still do refuse, contrary to the statute in such case made and provided, to the damage of the said plaintiffs of $315.13, and therefore they bring this suit," etc.

To the declaration a general demurrer was interposed, which the court sustained. The only question to be considered is, whether the averments of the declaration are sufficient to authorize a recovery against the defendants.

So much of the act of 1879 as has any bearing on the case under consideration is as follows:

"The county board may at any time institute suit in an action of debt in the name of the People of the State of Illinois, in any court of competent jurisdiction, for the whole amount due on forfeited property, \* \* \* \* and in any such suit or trial for forfeited taxes the fact that the real estate is assessed to a person, firm or incorporation shall be *prima facie* evidence that such person, firm or incorporation was the owner thereof and liable for the taxes for the year or years for which the assessment was made, and such fact may be proved by the introduction in evidence of the proper assessment book or roll or other competent proof."

Section 58 of the Revenue law, Rev. Stat. 1874, 868, requires real estate to be assessed to the person who may be the owner thereof on the first day of May of each year; and by section 59 the owner on the first day of May in any year shall be liable for the taxes of that year. It is, therefore, manifest that the defendants could not be held liable in an action at law or otherwise for the taxes in question, unless they were the owners of the property on the first day of May of the year or years for which the taxes were assessed, as the liability depends upon ownership.

The declaration, however, no where avers that the defendants were the owners of the property on the first day of May of the year or years for which the taxes were assessed. This fact is an essential element of the cause of action, and the rules of pleading require that it should be averred in the declaration and proved on the trial. It is an elementary rule

of pleading that the facts which constitute the cause of action should be averred. So far as appears from the averments of the declaration the land was never owned by the defendants, never in their possession, and never assessed in their names. If this be true,—if they never owned or possessed the land, and it was never assessed to them, we are aware of no rule of law under which the action could be maintained against them.

So far as any liability is imposed by the averments of the declaration, if these defendants can be held liable, any person who never saw or heard of the land may be sued and a recovery had against him.

We do not think the declaration shows a cause of action against the defendants, and for this reason the demurrer was properly sustained.

The judgment will be affirmed.

*Judgment affirmed.*