THE OTTAWA GAS LIGHT AND COKE COMPANY

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa June 15, 1891.*

1. COUNTY BOARD—*power to bring suit for delinquent taxes—power to employ attorney.* The county board has authority to institute and prosecute suits for delinquent taxes, whether due upon delinquent lands or personal property; and while it is competent for such board to institute suits for such tax, it may employ an attorney for that purpose, notwithstanding the State's attorney is capable and willing to act.

2. The county board is not, by the statute defining the duties of the State's attorney, denied the power and authority to select and em-

power any competent attorney to represent the People in beginning and prosecuting suits to recover delinquent taxes.

3. STATE'S ATTORNEY—*power to prosecute—power of court to appoint.* A State's attorney can not, of his own motion, begin and carry on suits for the collection of delinquent taxes, but if so directed by the county board it will be his duty to prosecute such suits. If, after bringing such suits, he becomes disqualified from acting, the court may appoint another competent attorney to act in his place.

4. PERSONAL PROPERTY—*where listed for taxation.* Personal property is ordinarily to be listed for taxation where it is found, or at the domicile of the owner, and capital stock at the place of the principal office of the corporation, if it has such office in the State.

5. PERSONAL PROPERTY TAX—*return of collector prima facie evidence.* In a suit for the recovery of a personal property tax, the return of the collector that such tax is delinquent is made by statute *prima facie* evidence that such tax is due and unpaid.

6. SAME—*right of county board to maintain suit for, where delinquent.* The right of the county board to maintain a suit in their own name, or in the name of the People, to recover delinquent taxes on personal property, depends upon the fact that the taxes are due upon property listed for taxation in their county. A count in a declaration in such a suit which fails to show that the taxes are due and owing upon property that by law is to be listed for taxation in the county, is subject to general demurrer.

7. DELINQUENT TAXES—*all classes recovered in one suit.* It is no valid objection to a declaration in a suit to collect a delinquent tax, that it fails to show the amounts due the State, the county, and other *quasi* municipal corporations. All the taxes may be recovered in one suit in the name of the People, and afterward apportioned.

8. PLEADING—*averments in declaration in a suit to recover personal property tax.* The liability for taxes is statutory, and arises upon the failure of the citizen to pay taxes, levied by proper authority, on property owned by him on the first day of May in any year. Such facts must therefore be averred in the declaration, not only that show the statutory liability, but the right of the plaintiff to recover.

9. An averment in a declaration in a suit to recover a personal property tax, that the taxes were levied and extended, is equivalent to an averment that the levy and assessment are upon a valid assessment. It is not necessary to aver that the property was duly assessed, as that will be implied.

10. An objection to a declaration in a suit to collect delinquent taxes, that it fails to give the sums due for the different years severally, but gives the aggregate, goes to the form, merely, and is not reached

22—138 ILL.

by general demurrer. It is better pleading, however, to aver the accruing of the taxes for the several years, and their having been carried forward as back taxes.

11.   LIABILITY OF DELINQUENT TAX-PAYER—*how shown.* The liability of a delinquent tax-payer, aside from the collector's return, may be shown by proving a valid assessment, the levy of the various taxes by competent authority, and the extension of the various taxes by the proper officers, and their non-payment, and thus establish the liability of the defendant.

APPEAL from the Circuit Court of LaSalle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

This was an action in the circuit court of LaSalle county, in the name of the People of the State of Illinois, seeking to recover from the Ottawa Gas Light and Coke Company, a corporation, the sum of $3043.89 taxes due and unpaid on the capital stock and personal property of the corporation, for the years 1881 to 1887, inclusive. The declaration was signed "M. T. Moloney, County Attorney," and a motion was interposed to dismiss the suit because it had been instituted without authority of law, and by an attorney not authorized by law to bring or prosecute the same. The motion was supported by affidavits—that of one of the defendant's counsel—showing that M. T. Moloney, who appears as attorney for the People, was not the State's attorney for LaSalle county, but that George W. W. Blake was such officer, and that the records of the court fail to disclose any appointment of M. T. Moloney to prosecute the cause, while that of George W. W. Blake showed that he was State's attorney for LaSalle county; that he had neither been requested to prosecute the suit, nor had he been sick, absent or unable to attend to the same, nor was he interested in the subject matter of the suit; that the suit was for the recovery of a debt due the People of the State of Illinois, and LaSalle county, which the State's attorney (in the absence of the disabilities referred to) is alone authorized to prosecute, and that M. T. Moloney had no legal au-

thority to institute or prosecute the suit.   But it was shown
by the affidavit of M. T. Moloney that he had been, by resolu-
tion of the board of supervisors of the county, authorized and
directed to begin and prosecute the suit, and the motion to
dismiss was denied.

The declaration contained two counts, the first being based
upon the levy of a tax on the capital stock, and the second
upon a levy of a tax on the personal property of the defendant
corporation, for the years 1881 to 1887, inclusive; and the
averments common to both counts were, that the sums named
were due from the defendant to the plaintiff for the non-pay-
ment of taxes theretofore lawfully levied and extended against
the capital stock and personal property, respectively, of the
defendant; that the same was and remained due and unpaid;
that the capital stock and personal property, respectively,
against which the tax sued for was levied and extended, was
owned by the defendant on the first day of May of each year
named, and that the defendant was then and there liable to
pay the same, by reason whereof an action accrued to the
plaintiff, etc.    The counts are substantially alike, the first
being as follows:

"The People of the State Illinois complain of the Ottawa
Gas Light and Coke Company, a corporation created and ex-
isting under and by virtue of the laws of the State of Illinois,
of a plea that it render unto the said People the sum of
$3043.89 which it owes and unjustly detains from the said
People of the State of Illinois; for that whereas the said de-
fendant, on, to-wit, the first day of August, A. D. 1889, to-wit,
the county of LaSalle, were and still are justly indebted to
the plaintiff in the said sum of $3043.89 for that sum there-
tofore due from the defendant to the plaintiff for the non-
payment of taxes which were theretofore lawfully levied and
extended against the capital stock of said defendant; and,
plaintiff avers that said taxes were so levied and extended
against said capital stock, as aforesaid, for the years A. D.

1881, 1882, 1883, 1884, 1885, 1886 and 1887, and the said taxes for each of said years remained due and unpaid on the said first day of August, A. D. 1889, and still remain due and unpaid; and plaintiff avers that the capital stock aforesaid, against which said taxes were levied and extended as afore- said, was on the first day of May of each of said years liable to taxation, and the defendant was then and there, on, to-wit, the first day of May of each of said years, the owner thereof; and plaintiff avers that said defendant was then and there liable to pay said plaintiff said taxes for the years aforesaid, when said defendant should be thereunto afterwards requested, whereby, and by reason of said last named sum of money being and remaining wholly unpaid, an action hath accrued to said plaintiff to have of and from the said defendant the said sum of $3043.89 above mentioned, yet the defendant, though often requested so to do, has not," etc.

A general demurrer was interposed to the declaration, and to each count thereof, which was overruled, and the defendant was ruled to plead. The defendant electing to abide by its demurrer, after evidence heard, judgment was rendered for the plaintiff for $2597.09 and costs. Exceptions were taken by the defendant to the various rulings and judgment of the court, and the record is brought to this court upon the de- fendant's appeal.

Messrs. Brewer & Strawn, for the appellant:

It was error to overrule our motion to dismiss, as no one but the State's attorney could lawfully bring this action. *Mix* v. *People*, 116 Ill. 265; Rev. Stat. chap. 14, sec. 5; chap. 34, sec. 33; *Ward* v. *Alton*, 23 Ill. App. 475.

The demurrer to the declaration should have been sustained, as neither count sets out a cause of action.

The liability sought to be enforced being purely statutory, (*Bowman* v. *People*, 114 Ill. 474,) it follows that the plaintiff must state in his declaration, by positive averment, all the

facts necessary to show such statutory duty imposed upon the defendant, and his failure to perform. Such facts can not be inferred, but must be averred.

The first count is for taxes extended against the capital stock of appellant, and therefore it was essential to allege that appellant had a capital stock, that such capital stock was assessed by the State Board of Equalization for taxation, that the taxes in controversy were levied upon such assessment, stating the amount for each year, and that appellant is a corporation having its principal office or place of business in the city, county and State where its capital stock is listed and taxed. The other count of the declaration is for taxes against the personal property of appellant, and should therefore allege of what such personal property consisted, together with the facts to show that such personal property was liable to taxation where taxed,—*i. e.*, in the county of LaSalle. None of these essential averments appear in either count.

Section 3 of the Revenue act provides that the capital stock of all companies, except as otherwise provided, shall be valued for taxation by the State Board of Equalization, and section 7 of the same act provides that the capital stock shall be listed and taxed where the principal office or place of business of such corporation is located. No liability could therefore arise if the State board made no valuation, or if the tax was extended in any county other than where the corporation did business. There is no averment in the declaration that appellant had its principal office or place of business in this county, or even in the State. This is fatal on general demurrer. *People* v. *Davis,* 112 Ill. 272.

It has been held fatal on a motion in arrest of judgment. *Bowman* v. *People,* 114 Ill. 474; 1 Chitty's Pl. and Pr. (11th Am. ed.) 215, 372, 373.

The first count is also defective in not stating the amount of tax claimed to be due for each year, as the defendant might be liable one year and not liable another. Neither count states

342     OTTAWA GAS LIGHT CO. *v.* THE PEOPLE.

Brief for the Appellees.    Opinion of the Court.

the amount of tax due the State, county, town, etc., all of which the statute requires to be stated, for good and sufficient reasons, on an application for judgment for delinquent taxes in the county court, and which should be stated, for the same reasons, in the circuit court. For instance, the defendant may wish to take issue on the validity of the town tax alone, or on the allegation it is unpaid, but this declaration does not present these matters with sufficient particularity to permit such issues.

Mr. M. T. MOLONEY, for the appellees:

There was no error in denying the motion to dismiss. Besides, the motion came too late. If made in time, the court might have appointed an attorney to prosecute. Section 34, chapter 34, of the Revised Statutes, gives the county board full control of suits to enforce payment of taxes.

It was not necessary to allege that the capital stock was assessed by the State Board of Equalization, or that the defendant's principal office was in some particular town in the county. *People* v. *Winkelman*, 95 Ill. 412.

The evidence was sufficient. The collector's return is *prima facie* evidence that the taxes were unpaid.

Debt lies for the collection of delinquent taxes. *Ryan* v. *Gallatin County*, 14 Ill. 78; *Douthett* v. *Kettle*, 104 id. 359; *Sanderson* v. *LaSalle*, 117 id. 175.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

It was not error to overrule the motion to dismiss the suit. The attorney who instituted the suit, it was shown, was in that regard acting by the direction and under the authority of the county board, and the authority of the county board to institute and prosecute suits for delinquent taxes, whether due upon delinquent lands or personal property, is amply given in section 230 of the general Revenue law.

It is contended, however, that while the authority of the county board to cause the institution of suit for unpaid taxes is ample, it is not at liberty to select counsel, but must act by and through the State's attorney of the county, and that if the State's attorney is disqualified, by interest, sickness, absence or other inability, the court alone can appoint another attorney to act. In the statute defining the duties of the State's attorney, (Rev. Stat. chap. 14, par. 5,) it is among other things made his duty "to prosecute all actions and proceedings for the recovery of debts, revenues, moneys, fines, penalties and forfeitures accruing to the State or his county, * * * which may be prosecuted in the name of the People of the State of Illinois." And the succeeding section provides, that if such officer is sick or absent, unable to attend, or interested in the cause, "the court in which such cause or proceeding is pending may appoint some competent attorney" to act in the case. It would be perfectly competent for the county board to direct the State's attorney to institute suits to recover delinquent and unpaid taxes, and to prosecute the same, and in such case it would be the manifest duty of the State's attorney to act; and if, in obedience to such direction, he should institute a suit, and thereafter become disqualified from acting, the court in which the cause was pending might appoint another competent attorney to act in his stead. We are not disposed, however, to hold that the county board is, by the statute defining the duties of the State's attorney, denied the power and authority to select and empower any competent attorney to represent the People in beginning and prosecuting suits to recover delinquent taxes. Notwithstanding the statute last referred to, it is manifest that the State's attorney could not, of his own motion, begin and carry forward proceedings of this character. Whether or not resort shall be had to proceedings at law to recover of property owners the overdue and unpaid taxes levied thereon, rests in the discretion of the county board; and we have no doubt that under the general

power of the county board, as the fiscal agent of the county, it has the inherent right to direct the course of the proceeding, and select the persons and agencies through whom it will act.

We are of the opinion that the declaration, and each count thereof, is fatally defective, and that the demurrer thereto should have been sustained. At the foundation of the right of the county board to institute proceedings in its own name, or in the name of the People of the State of Illinois, as this suit is brought, lies the fact that taxes are due upon property listed for taxation within that county. Personal property is ordinarily to be listed for taxation where it is found, or at the domicile of the owner, and capital stock at the place of the principal office of the corporation, if it has such office within the State, and if not, then at the place where such corporation, by its agents, may be transacting business within the State. (Rev. Stat. chap 120, par. 7.) For aught that appears in either count of this declaration, the right of action may have accrued anywhere in the State; but it is manifest that there could be no right to maintain the suit unless it affirmatively appeared that the tax is due and owing upon property that by law is to be listed for taxation within the county of LaSalle. There is no averment that the taxes, or any part thereof, for the recovery of which this suit was instituted, accrued within the county of LaSalle, or any averment that by intendment can be construed as alleging that fact. The liability for taxes is a statutory liability, and arises upon the failure of the citizen to pay the taxes, levied by proper authority, on property owned by him on the first day of May in any year. Such facts must therefore be averred in the declaration, not only that show the statutory liability, but the right of the plaintiff to recover. (*People* v. *Winkelman*, 95 Ill. 412; *Biggins* v. *People*, 96 id. 382; *Bowman* v. *People*, 114 id. 474; *People* v. *Davis*, 112 id. 272.) In the latter case we said: "Whether property is legally taxable at a particular place is a question of law, and not of fact; and the pleader seeking to charge one with

liability because his property is taxable at a particular place, must state the facts from which such liability results, as a conclusion of law. This is elementary, and has been often decided by this court." The same rule must obtain here.

It is further objected to the first count of the declaration, that it is defective for the reason that it is not alleged that the capital stock was assessed by the State Board of Equalization, and that the taxes in controversy were levied thereon for each of the years designated, and that the second count is defective for not averring that the property was duly assessed, etc., and that each count is defective in not averring by what authority the taxes were levied, and the particular municipality or corporation to which they were payable. The averment of the declaration is, that the taxes were levied and extended, which necessarily includes a levy and extension upon a valid assessment. By the statute, in a suit for the recovery of a personal property tax, the return of the collector that such tax is delinquent is made *prima facie* evidence that such taxes are due and unpaid. There can be no doubt that within the meaning of this statute the tax upon the capital stock is a personal property tax. (*Cooper* v. *Corbin*, 105 Ill. 224.) Moreover, the right of recovery is in the People of the State of Illinois, in whose name the suit may be instituted for the recovery of all taxes due and unpaid, and it is unimportant that a portion sued for may be due to the State, another to the county, and still other parts of it to various municipal and *quasi* municipal corporations within the county, to whom it must, upon collection, be finally distributed. The delinquent return by the collector, while *prima facie* evidence, is not conclusive; and if, for any reason, it should be excluded, or the People should so desire, the liability may be shown by proving a valid assessment, the levy of the various taxes by competent authority, and the extension of the various taxes by the proper officers, and their non-payment, and thus estab-

lish the liability of the defendant, and the right of the plaintiff to a recovery.

It is also said the declaration is defective because not alleging the sums or amounts due, etc., for the years, severally, in which the taxes sued for accrued. By law the unpaid taxes are, from year to year, to be carried forward on the collector's books, and added to the current tax of the year. It would have been better pleading to have averred the accruing of the taxes for the several years, and their having been carried forward as back taxes by the proper officer, etc.; but it is manifest that the objection goes to the form, and not to the substance of the right of recovery, and therefore can not be raised by general demurrer.

It is insisted, also, that the statute under which the tax upon the capital stock of the defendant was levied is unconstitutional and void. This question was before us in *Sterling Gas Co.* v. *Higby*, 134 Ill. 557, *Coal Run Coal Co.* v. *Finlen*, 124 id. 666, and *Ottawa Gas Co.* v. *Downey*, 127 id. 201, where the constitutionality of the act of the legislature was sustained. The question there received full consideration, and no good purpose can be subserved by its re-discussion.

Other minor objections have been urged, which we have considered, but do not find it necessary to discuss. There is no other substantial error than that indicated.

For the error in overruling the demurrer to the declaration the judgment is reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE CRAIG: I do not concur in reversing this judgment. While the declaration may not be technically accurate, I think it good in substance, and as the demurrer was general it was properly overruled.