## The Twin City Gas Works

*v.*

## The People of the State of Illinois.

|156     387|
| 98a  ²364

### *Filed at Ottawa May 15, 1895.*

1. Pleading — *declaration against corporation for taxes must aver place of business.* A declaration in an action of debt against a corporation to recover taxes assessed against it, is insufficient, on demurrer, where it fails to aver that the defendant had its principal place of business at the place where such taxes were assessed.

2. Same—*general averments of declaration aided by verdict.* Failure of such declaration to aver that the corporation had its *principal* place of business where the taxes were assessed, is not available, on motion in arrest of judgment, where the declaration names the defendant as a corporation created and existing under the laws of the State, having its place of business in such city.

3. Evidence—*presumption that officers do their duty—when not available.* The general presumption that public officers do their duty, does not, in a suit against a corporation for taxes, establish the essential fact that the principal office of the corporation is in the town where such taxes were assessed and in which the clerk extended them.

Writ of Error to the Circuit Court of LaSalle county; the Hon. Dorrance Dibell, Judge, presiding.

Brewer & Strawn, for plaintiff in error:

The declaration, and each count thereof, was fatally defective, and it was error to overrule the motion in arrest of judgment. *Gas Light Co.* v. *People*, 138 Ill. 336; *People* v. *Davis*, 112 id. 272; *Bowman* v. *People*, 114 id. 474; *Biggins* v. *People*, 96 id. 381; *People* v. *Winkelman*, 95 id. 412.

The plaintiff must aver in his declaration, and prove on the trial, all the facts essential to his cause of action. *People* v. *Winkelman*, 95 Ill. 412; *Biggins* v. *People*, 96 id. 381.

No attempt was made to prove that defendant was located in the town of LaSalle.

McDougall & Chapman, for the People :

When a cause of action is stated defectively or ambiguously, the defect is cured by general verdict. *Insurance Co. v. Bank*, 61 Ill. 482 ; *Compton* v. *People*, 86 id. 176.

Any defect of form is aided by verdict, where it is clear that the essential matter must have been proved. *Wallace* v. *Curtiss*, 36 Ill. 156 ; *Cheney* v. *Barge*, 26 Ill. App. 182 ; *Heiman* v. *Schroeder*, 74 Ill. 158 ; *Keegan* v. *Kinnare*, 123 id. 280 ; *Railway Co.* v. *O'Conner*, 115 id. 254; *King* v. *Sea*, 6 Ill. App. 189.

A defect of form or substance is cured when the issue joined is such as necessarily requires proof of the facts defectively stated or omitted, without which it cannot be presumed that the judge would direct or the jury would give a verdict. *Ladd* v. *Pigott*, 114 Ill. 647.

Mr. Justice Craig delivered the opinion of the court:

This was an action of debt, brought in the name of the People of the State of Illinois, against the Twin City Gas Works, under section 230 of the Revenue law, to recover certain taxes arising from an .assessment of the capital stock of defendant, and alleged to be delinquent, for the years 1885, 1886, 1887 and 1888. The declaration was composed of two counts, and as originally drawn it contained the same averments that are found in the declaration in *Ottawa Gas Light and Coke Co.* v. *People*, 138 Ill. 336. It appears, however, that after the declaration was filed, on January 10, 1894, plaintiff was granted leave to amend the declaration by inserting the words, "having its place of business in the city of LaSalle, in said county and State," after the word "Illinois" and before the words "of a plea," in the first paragraph of said declaration. To the declaration the defendant pleaded *nil debet*, and on a trial before the court, a jury having been waived, plaintiff recovered a judgment for $1420.26, the amount of tax assessed on the capital stock for the years 1885,

1887 and 1888.   As to the tax assessed for the year 1886 the court found in favor of the defendant.

In *Ottawa Gas Light and Coke Co.* v. *People, supra,* on a general demurrer to the declaration, it was held that the capital stock of a corporation could only be assessed for taxation at the place where the principal office or place of business of such corporation is located, in this State. Indeed, section 7, chapter 120, of the Revenue law, requires the capital stock of such corporations to be taxed in the county, town, district, city or village where the principal office or place of business of such corporation is located, and if there be no principal office or place of business in this State, then at the place in this State where any such corporation transacts business.   It was also held in the case cited, that it must affirmatively appear that the tax was due and owing upon property that by law is to be listed for taxation in LaSalle county, and as the declaration contained no such averment it was bad on general demurrer.   Under the ruling in that case it is claimed that the declaration in this case is bad, and the court erred in overruling the motion in arrest of judgment.

If the sufficiency of the declaration arose in this case as it did in the case cited, on demurrer to the declaration, we would not hesitate to hold the declaration bad. But such is not the case.   No demurrer was interposed to the declaration, and its sufficiency arises only on motion in arrest of judgment.   The question, then, is not whether the declaration is bad on demurrer, but whether the defect in the declaration is cured by the verdict. The rule on this subject, as laid down in the text books and as settled by the decisions of this court, is:   Where there is a defect or omission in a pleading, in form or substance, which would have been fatal on demurrer, yet if the issue joined is such as necessarily requires proof of the facts defectively stated or omitted, without which it cannot be presumed that the judge would direct

or the jury would give a verdict, such defect, imperfection or omission is cured by the verdict. (*Ladd* v. *Pigott,* 114 Ill. 647; *Helmuth* v. *Bell,* 150 id. 263.) Here the pleader was required to aver in his declaration that the defendant corporation, at the time it was assessed, had its principal office or place of business in the city of LaSalle, in LaSalle county, but in lieu of the averment indicated the pleader averred that the plaintiff complains of the Twin City Gas Works, a corporation created and existing under and by virtue of the laws of the State of Illinois, having its place of business in the city of LaSalle, in said county and State. Here was an attempt to aver what the law required, but the facts were stated in the declaration defectively, and we think the defective statement was aided by the verdict.

It is next claimed that no evidence whatever was introduced on the trial to prove that the principal office or place of business of defendant was located in LaSalle, the place where its capital stock was assessed. As this is a statutory action, it devolved on plaintiff to allege and prove such a state of facts as is specified in the statute, to render the defendant liable in an action of this character. (See *People* v. *Winkelman,* 95 Ill. 412; *Biggins* v. *People,* 96 id. 381; *Bowman* v. *People,* 114 id. 474.) No witness was called to prove where the principal office or place of business of the corporation was, or where the corporation was located at the time the assessment was made, and if that fact was established on the trial it was only established from the fact that the county clerk extended the taxes in and for the town of LaSalle, and the presumption arising therefrom that a public officer does his duty.

Section 32 of the Revenue law requires the corporation to make return to the assessor of the township of the name and location of the company or association, the amount of capital stock, etc. Section 33 provides that the statement so made shall be scheduled by the assessor

and returned to the county clerk; that the clerk shall forward to the Auditor such schedule, and the Auditor shall lay such schedule before the Board of Equalization, and the board shall value and assess such stock. Under section 108 the assessment so made is required to be certified by the Auditor to the county clerks of the respective counties in which companies are located, "and said clerk shall extend the taxes for all purposes on the respective amounts so certified, the same as may be levied on the other property in such towns, districts, villages or cities in which such companies or associations are located." As required by the statute the Auditor returned to the county clerk of LaSalle county the assessment made by the Board of Equalization, and notified him to enter on the tax books for the proper localities in LaSalle county the assessed value of the capital stock, in order that taxes might be extended on the assessment. In pursuance of this notice the taxes were extended by the county clerk on the tax book for the town of LaSalle, and the collector of the town being unable to make collection, the taxes for each of the four years were returned delinquent. As has been seen, by the statute it is made the duty of the county clerk, upon receipt of the assessment of capital stock of any corporation in the county, to extend the taxes, in the amount of the assessment, in such towns, villages or cities in which such corporations are located. But while it is the duty of the clerk so to do, after he has extended the taxes is the fact that the taxes were extended on the books of a particular town sufficient evidence to prove that the corporation was located in that town? It is true that the presumption is that public officers do their duty; but we do not think that presumption can be used on the trial of a cause to prove the existence of some substantial fact necessary to be established to authorize a recovery. See *United States* v. *Ross,* 92 U. S. 218.

If this corporation was located in the town of LaSalle, or if its principal' office or place of business was in La-Salle, the taxes were properly extended on the books of that town. But that was a fact which plaintiff was required to establish by evidence on the trial, and as that fact was not proven, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*