The People, for use of Marion County, Plaintiff in Error, v. Mathew B. Wells et al., Defendants in Error.

1. Municipal corporation—*power of county to compromise with officer.* A board of supervisors of a county may settle, adjust and compromise a claim against a sheriff thereof so long as it does not, by virtue of such compromise, appropriate or allow to such officer greater compensation than is allowed him by law.

2. Municipal corporation—*presumption in favor of legality of action of board of supervisors.* A compromise or settlement by a board of supervisors apparently made within the scope of their authority will be taken as valid unless and until successfully questioned in an appropriate proceeding.

3. Appeals and errors—*when writ of error will be dismissed.* A writ of error will be dismissed where upon the proceeding to review it appears that the matter in controversy has been fully adjusted, compromised and settled.

4. Appeals and errors—*power of board of supervisors to order dismissal of writ of error.* The board of supervisors of a county have authority to order the dismissal of a writ of error proceeding prosecuted at its instance.

Action of debt. Error to the Circuit Court of Marion county; the Hon. Samuel L. Dwight, Judge, presiding. Heard in this court at the August term, 1907. Writ dismissed. Opinion filed March 18, 1908.

J. J. Bundy and June C. Smith, for plaintiff in error.

Frank F. Noleman and W. F. Bundy, for defendants in error.

Mr. Justice Myers delivered the opinion of the court.

By the direction of the Board of Supervisors of Marion county this suit was brought against M. B. Wells and sureties on his official bond. The declaration alleges numerous breaches in the conditions of the bond, and to the declaration the defendants filed a number of special pleas. The plaintiff demurred

to the special pleas, which demurrer, upon argument and motion by defendants, was carried back to the declaration and sustained by the court. The plaintiff elected to stand by its declaration, and prosecutes this writ of error to challenge the court's ruling and judgment upon the demurrer.

At the opening of the August term of this court the defendants in error filed their motion to dismiss the writ of error herein and, for reason, stated that "since the judgment of the Circuit Court was entered carrying the demurrer back to the declaration and sustaining the same, and upon which this writ of error is sued out, the said cause of action has been settled and compromised between the said county of Marion and the defendant in error, Mathew B. Wells, principal in the bond sued upon, and that the said settlement is still in force and effect." The following certified transcript of proceedings by the Board of Supervisors is attached:

"At a regular meeting of the County Board, or Board of Supervisors of the county of Marion, and State of Illinois, begun and held on the second Monday in June (June 10th) A. D. 1907, at the court-house in Salem, in said county, the same being the county seat of said county, the following amongst other proceedings were had and entered of record: 'On motion the said Board adjourned until Tuesday, June 11th, 1907, at 10:00 o'clock A. M.' At a regularly adjourned meeting of said Board of Supervisors held on the said 11th day of June, A. D. 1907, the following amongst other proceedings were had and entered of record: 'A motion was made and carried that the Board appoint a committee of three to confer with Mr. M. B. Wells in reference to the settlement of difference between Mr. Wells and Marion County, and James, Eagan and Miller, were appointed on said committee.' 'On motion the Board adjourned until June 25, 1907.' At a regularly adjourned meeting of the said Board of Supervisors held on the 25th day of June, 1907, at the court-house in Salem aforesaid, the following amongst other proceedings were had and entered of record: 'The com-

mittee which had been heretofore appointed to confer with Mr. M. B. Wells concerning the settlement of the differences between Mr. Wells and Marion County reported as follows:

"'After a careful and thorough investigation of all the facts in the case, recommend that the county clerk be instructed to draw an order in favor of M. B. Wells for $49.77, the balance due him from the county, and that all litigation and suits now pending between M. B. Wells and Marion County be, and the same is hereby forever dismissed, and that the good name and reputation of Mr. Wells be, and the same is hereby restored, in so far as the county of Marion is able to restore the same; all of which is agreed to between the committee and Mr. Wells.

Committee:   GUS JAMES, Chairman.
             JOHN MILLER,
             A. L. EAGAN,
             M. B. WELLS, Ex-Sheriff.'

"The report was approved by a vote of eleven ayes and seven nays. 'And on motion the said Board adjourned. J. R. QUAYLE, County Clerk.'"

In further support of the motion, M. B. Wells, one of the defendants in error, makes affidavit of the settlement, the drawing of an order by the county clerk for $49.75, and the payment thereof by the county treasurer pursuant of the action of the Board. The plaintiff in error filed objections to the motion. Counsel for the parties respectively filed their written briefs and arguments, and the motion was taken with the case for consideration and subsequent determination by the court.

After full consideration of the argument of counsel, the statute bearing upon the question and authorities examined, we are of opinion that the motion should prevail and the writ of error be dismissed. Under the provisions of chapter 24, Revised Statutes, the county is a body "politic and corporate," and may, by name, sue and be sued in law or equity. Its powers are exercised by a board of supervisors. It may make contracts and do all other acts in relation to the prop-

erty and concerns of the county necessary to the exercise of its corporate powers. It has power to manage the county funds and county business, to settle all accounts against the county concerning the receipt and expenditure of money. "All notes, bonds, bills, contracts, covenants, agreements or writings, made or to be made, whereby any person is or shall be bound to the People of the State of Illinois, or to any county or the inhabitants thereof,  *  *  *  or to the use of any county,  *  *  *  shall vest in said county all the rights, interest and actions which would be vested in any individual, if such contract had been made directly with him. Suits may be commenced, sued and prosecuted thereon in the name of said county as is provided herein, or in the name of the officer or person to whom they are made to the use of the county, as fully and effectually, to all intents and purposes, as any person may or can upon like notes, bills, bonds, contracts, agreements or writings made to him." (Section 30.) The county is liable to judgment and costs, though execution may not issue against it. (Section 34.) It is the duty of the County Board of Supervisors to carefully audit and examine every report of every county official. (Chapter 53, section 51.) Within the powers and duties conferred by statute and above enumerated the Board of Supervisors was legally competent to audit, adjust and settle the accounts between Wells, the ex-sheriff, and the county, restricted only by the proposition that the county may not, by settlement or otherwise, appropriate or allow to an officer greater compensation than is allowed by law. In making a settlement, a power given by statute, it is to be presumed, until the contrary appears, that the Board has not transgressed the law, and until such settlement is questioned by appropriate proceedings and adjudicated otherwise, it is to be regarded as effective and binding on all parties concerned. In discussing a settlement made by the county board with an ex-sheriff, involving his reports, accounts and allow-

People v. Wells.

ances, the Supreme Court, in the People v. Foster et al., says: "They (the board) must be presumed, in the absence of averments to the contrary, to have known, as it was their duty to know, the state and condition of affairs, and to have acted in view of them. Where the county board, acting within the general scope of its authority, and with knowledge of the facts, settles with the officer who is guilty of no fraud, concealment or misrepresentation of fact inducing the action of the board, and pays from the county treasury the amount found due to him upon auditing and examining the officer's reports, it is to be treated as a voluntary payment of money    *    *    * and no action will lie against the sureties upon the officer's bond to recover the same back." In the same opinion it is stated that "the county board must, in the first instance, determine whether the conditions exist authorizing the payment from the county treasury—that is, they have jurisdiction to consider and pass upon the question." Whatever the effect to be given the settlement shown by the transcript and affidavit attached to the motion, the writ should be dismissed for the reason that the beneficiary, plaintiff in error, authorizes and orders it to be done. We find in the report and recommendation of the committee formally and legally adopted by the board "that all litigation and suits now pending between M. B. Wells and Marion County be and the same is hereby forever dismissed." Though irregular in form, this is tantamount to an order to dismiss the suit, and though presented by the defendants in error, may properly be considered and credited by this court. We have it from the argument of plaintiff in error that the county board directed this suit to be brought, and we are of opinion that it rests with the county board alone to continue or discontinue this action whenever, in its judgment, the public interests so require. The state's attorney could not of his own motion and without authority from the board begin and carry forward this proceeding, which

was instituted by direction and for the use of the county.  Ottawa Gas Light Co. v. People, 138 Ill. 336.

In the case just cited suit was brought in the name of The People to recover unpaid taxes.  An attorney other than the state's attorney was employed by and acted for the county in bringing the suit.  A motion was made to dismiss the suit because it was instituted without authority of law, and by an attorney not authorized by law to bring and prosecute the same.  In discussing the question made by the motion to dismiss, the court says: "In the statute defining the duties of the state's attorney it is, among other things, made his duty 'to prosecute all actions and proceedings for the recovery of debts, revenues, moneys, fines, penalties and forfeitures accruing to the state or his county * · * * which may be prosecuted in the name of the People of the State of Illinois.' * * * It would be perfectly competent for the county board to direct the state's attorney to institute suits to recover delinquent and unpaid taxes and to prosecute the same, and in such case it would be the manifest duty of the state's attorney to act. * * * Whether or not resort shall be had to proceedings at law to recover of property owners the overdue and unpaid taxes thereon, rests in the discretion of the county board; and we have no doubt that under the general power of the county board as the fiscal agent of the county it has the inherent right to direct the course of the proceeding and select the person and agencies through which it will act."  Though in that case the proceeding was based upon a provision of the Revenue Act, we think the principle or proposition found in that opinion is applicable·in this case.  The county board having the right and power not only to begin the suit, but to discontinue it, and having by formal resolution, legally adopted, ordered that the suit be dismissed, the motion will be allowed and the writ of error dismissed accordingly.

*Writ of error dismissed.*