THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.* THE CHALMERS & WILLIAMS COMPANY, Appellee.

*Opinion filed December 21, 1927—Rehearing denied Feb. 8, 1928.*

TAXES—*tax on capital stock must be listed where principal office of corporation is located.* Taxes extended on an assessment of the capital stock of a corporation must be listed in the county, town or taxing district where the principal office or place of business of the corporation is located, and although it will be presumed that officers charged with the assessment and collection of taxes have performed their duty, such presumption will not avail where the declaration in an action of debt for delinquent personal property taxes states that the tax sued for was on property in the town where the corporation had a manufacturing plant while the evidence shows that the tax was on an assessment of capital stock, that the corporation had paid all other personal property taxes, and that the principal office of the corporation, where the capital stock tax should have been listed, was at another place.

APPEAL from the Circuit Court of Cook county; the Hon. GEORGE A. SENTEL, Judge, presiding.

ROBERT E. CROWE, State's Attorney, and WILLIAM H. DUVAL, (WM. J. GRACE, of counsel,) for the People.

SCOTT, BANCROFT, MARTIN & MACLEISH, (LESTER L. FALK, and C. C. SPRAY, of counsel,) for appellee.

Mr. Commissioner Crow reported this opinion:

The judgment to reverse which this appeal is prosecuted was rendered upon a declaration in an action of debt filed by the State's attorney against appellee. The declaration demands the sum of $15,647.50, "for that the defendant heretofore was and still is indebted to the plaintiff in the sum of $15,647.50 for and on account of general taxes levied and extended against the defendant and upon the assessment of its personal property in and for the year A. D. 1921, which said taxes became and are unpaid and delinquent; that the said defendant on the first day of April, A. D. 1921, was the owner of and had in said town of Bloom, aforesaid, in its possession and under its control personal property there subject to taxation; that said property was assessed for said year by the proper assessing tri-·bunal and in the manner and form required by law; that the county clerk of Cook county extended taxes against said assessment, viz., against the assessment for the year A. D. 1921, amounting to the sum of $15,647.50, and returned the collector's warrant for said year for the·collection of the taxes for said year to the proper collector, as required by law; that said taxes became and were returned unpaid and delinquent." Plea of *nil debet* was filed, the cause heard by the court without a jury, and a finding for defendant and judgment that plaintiff take nothing.

While five errors are assigned on the record, only two need be noticed: (4) The verdict is contrary to the greater and manifest weight of the evidence; (5) the judgment is contrary to the law and the evidence. The fourth assignment is considered as meaning the finding for defendant was contrary to the greater and manifest weight of the competent and relevant evidence.

The Chalmers & Williams Company is a corporation, with the location of its principal office at 115 Adams street, in Chicago, as shown by the certificate of incorporation in

evidence. For the years 1919, 1920, 1922 and 1923 defendant filed a capital stock return with the board of assessors and no tax was levied thereon for those years. For the year 1921 the return was made and inadvertently sent to the Secretary of State, and he sent it to the board at Chicago. For that year it made an assessment of the capital stock of the corporation at a value of $275,000—one-half of its authorized capital. On that assessment taxes were extended against it in the town of Bloom, where it has a manufacturing plant. In the year 1922 a bill was sent to it for personal property taxes amounting to $853.50, which was paid March 16, 1922, by check. These facts appear from the collector's book of the town of Bloom.

The first proposition advanced by appellant is, that it will be presumed that the tax to recover which suit was brought is legal, that the officers charged with the assessment of property and collection of taxes have performed their duty, and that they have not made an illegal assessment or returned an illegal tax as delinquent. These general propositions, stated abstractly, are sound, but all rebuttable presumptions fail as bases for conclusions in the face of facts and conditions nullifying them. The general propositions stated have limitations apparent here in the record which are fatal to them. In *Twin City Gas Works* v. *People,* 156 Ill. 387, these propositions were advanced, and the answer was: "But while it is the duty of the clerk so to do, [extend taxes in cities in which corporations are located,] after he has extended the taxes is the fact that the taxes were extended on the books of a particular town sufficient evidence to prove that the corporation was located in that town? It is true that the presumption is that public officers do their duty; but we do not think that presumption can be used on the trial of a cause to prove the existence of some substantial fact necessary to be established to authorize a recovery.—See *United States* v. *Ross,* 92 U. S. 218."

One of the facts required to be stated by persons applying for a corporation charter is, "the location of its principal office in this State, giving town, or city, street and number, if any." (Cahill's Stat. chap. 32, sec. 4, clause 5.) Section 7 of the Revenue act reads: "Personal property, except such as is required in this act to be listed and assessed otherwise, shall be listed and assessed in the county, town, city, village or district where the owner resides. The capital stock and franchises of corporations and persons, except as may be otherwise provided, shall be listed and taxed in the county, town, district, city or village where the principal office or place of business of such corporation is located in this State. If there be no principal office or place of business in this State, at the place in this State where any such corporation or person transacts business."

The plain language of the statute quoted, requiring the location of the principal office to be stated, was complied with in this case. The place of the principal office of the corporation stated in its charter is at 115 Adams street, in Chicago. The plain language of the Revenue act requires the property of the corporation to be listed and assessed at that place and not in the town of Bloom. The evidence shows that all taxes for 1921 were paid by appellee except that on capital stock. Appellee was within its rights in tendering the amount of taxes upon property other than capital stock assessed in the town of Bloom, and if accepted by the collector it alone would be the subject of controversy. The right to recovery in this case is resisted on two grounds: First, that appellee's property was not listed in the place required by the statute—the situs of the corpora-. tion; and second, that the assessment was so grossly excessive as to require the imputation of fraud in making it.

The amount of taxes sought to be recovered was $15,-647.50. The record shows this was the amount extended on capital stock. The declaration averred that defendant had in its possession and under its control in the town of

Bloom personal property there subject to taxation and that the taxes in suit were extended thereon. Under the uncontroverted facts and the law controlling the decision there is no room for presumption in aid of appellant's case. In *Ottawa Gas Light Co.* v. *People,* 138 Ill. 336, the action was for recovery of taxes extended against capital stock of the defendant. The declaration, as in this case, did not state the place of the principal office of defendant. The circuit court overruled a demurrer to the declaration. Defendant abiding its demurrer, evidence was heard and judgment rendered against it, and it appealed. Deciding the question presented by the record this court said: "Personal property is ordinarily to be listed for taxation where it is found or at the domicile of the owner, and capital stock at the place. of the principal office of the corporation if it has such office within the State, and if not, then at the place where such corporation, by its agents, may be transacting business within the State. * * * There is no averment that the taxes, or any part thereof, for the recovery of which this suit was instituted, accrued within the county of LaSalle, or any averment that by intendment can be construed as alleging that fact. The liability for taxes is a statutory liability and arises upon the failure of the citizen to pay the taxes levied by proper authority on property owned by him on the first day of May in any year. Such facts must therefore be averred in the declaration, not only that show the statutory liability but the right of the plaintiff to recover. (*People* v. *Winkelman,* 95 Ill. 412; *Biggins* v. *People,* 96 id. 382; *Bowman* v. *People,* 114 id. 474; *People* v. *Davis,* 112 id. 272.) In the latter case we said: 'Whether the property is legally taxable at a particular place is a question of law and not of fact; and the pleader seeking to charge one with liability because his property is taxable at a particular place must state the facts from which such liability results as a conclusion of

328—27

law. This is elementary, and has been often decided by this court.' "

In *Twin City Gas Works* v. *People, supra,* suit was brought against the corporation for the recovery of delinquent taxes for four successive years. The declaration filed was amended by inserting the words, "having its place of business in the city of LaSalle, in said county and State." To the declaration the defendant pleaded *nil debet,* and on a trial before the court, a jury being waived, judgment was rendered for the amount of the tax assessed on the capital stock. No evidence was introduced showing or tending to show that the place of business of defendant was located in the city of LaSalle. Defendant brought the cause by appeal to this court. Reversing the judgment of the circuit court, it was said: "As this is a statutory action, it devolved on plaintiff to allege and prove such a state of facts as is specified in the statute, to render the defendant liable in an action of this character. * * * No witness was called to prove where the principal office or place of business of the corporation was or where the corporation was located at the time the assessment was made, and if that fact was established on the trial it was only established from the fact that the county clerk extended the taxes in and for the town of LaSalle, and the presumption arising therefrom that a public officer does his duty." After discussing the law applicable to the assessment of property of corporations and taxation thereof, it was held that affirmative proof of the facts necessary to support the judgment not having been made it must be reversed. It was in that connection that the effect of presumptions in favor of the acts of public officers in that respect quoted *supra* was stated.

Counsel for appellee cite a number of cases decided by courts of last resort in other States against the right to recover taxes on capital stock of corporations as in this case. Those cases have been examined, and all hold that

capital stock cannot be assessed or taxes recovered unless the assessment was made and taxes levied and extended at the place of the principal office of the corporation, designated in some of the cases as residence and in others as situs of the corporation. *Western Transportation Co. v. Scheu,* 19 N. Y. 408, is peculiarly applicable. In that case the corporation was assessed on its capital stock of $900,000 in the town of Wheatfield, in Niagara county, and admitted its liability there. It had also been assessed in the eighth ward of the city of Buffalo. Scheu issued, and Reynolds was proceeding to execute, a warrant for the collection of taxes levied in Buffalo. They were perpetually enjoined from collecting the taxes levied in Buffalo. The court said, *inter alia:* "To avoid disputes as to the residence of corporations was the motive for the requirement to state the place of business. It is not important that a corporation should be taxed where it does the greater amount of business, but it is important that the place where it is liable to be taxed should be known."

In this case the judgment of the circuit court was right, because the plaintiff did not prove that the capital stock of defendant was subject to taxation in the town of Bloom. If the record were defective only in the matter of that omission it would be necessary to reverse the judgment and remand the cause for another trial, but the defendant put in evidence plenary proof that it is not taxable on its capital stock in the town of Bloom and that it is taxable only at 115 Adams street, in Chicago. No purpose could be served by remanding the cause, and the judgment of the circuit court is therefore affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Crow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*