LYMAN GUINNIP

*v.*

HENRY M. CARTER.

DEBT—*misjoinder of counts.* Where the declaration contained counts in debt on the record of a judgment and a common count for interest, and contained the words, " in consideration of the indebtedness the defendant undertook and then and there faithfully promised to pay the same when thereunto afterwards requested :" *Held,* that this made the latter a count in assumpsit, and that it is error to join counts in debt and assumpsit in the same declaration. Had the word "agreed" been used in the common count, instead of "promised," it would have been a count in debt.

WRIT OF ERROR to the Circuit Court of Vermilion county; the Hon. JAMES STEELE, Judge, presiding.

This was an action of debt, brought by Henry M. Carter, John G. Sample and Jonas F. Parker, in the Circuit Court of Vermilion county, against Lyman Guinnip, on the record of a judgment recovered in the Court of Common Pleas of Tippecanoe county, in Indiana. The first three counts were in debt in the usual form, and the fourth was the common count in assumpsit for interest. Defendant filed a demurrer to the declaration, but afterwards, on plaintiffs' motion, the demurrer was stricken from the files, and judgment rendered in favor of plaintiffs for $1,171 debt and $28 damages, and costs; to reverse which, defendant prosecutes this writ of error.

Mr. E. S. TERRY, for the plaintiff in error.

Mr. H. W. BECKWITH, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action brought on the record of a judgment recovered in another State, for the sum of $1,171 and $4.95 costs. The summons was in debt, and so were the three first counts in the declaration. The fourth count was, however, in assumpsit. It was the common count for $500 due and owing for interest. It avers : "And being so indebted,

the said Guinnip,.in consideration thereof, afterwards, &c., undertook and then and there faithfully promised the said plaintiffs " to pay the same when thereunto afterward requested.

In the cases of *Cruikshank* v. *Brown,* 5 Gilm. 75, and *McGinnity* v. *Laguerenne,* ib. 101, it was held, that in a common count the averment that the defendant, in consideration of the indebtedness, undertook and promised to pay, when thereunto afterwards requested, made it a count in assumpsit. It was there said that, " had the pleader intended it for a count in debt he should have used the word 'agreed' instead of the word 'promised.' " In those cases the judgments were reversed, because there was a misjoinder of counts in debt and assumpsit.

In the case of *Adams* v. *Hardin,* 19 Ill. 273, it was held to be error to join counts in debt and assumpsit, and the judgment was reversed for that reason. This is a rule of general application, and has always been held to be error under the common law rules of pleading. The case at bar falls within and must be governed by the cases above cited. In this case there were in the declaration three counts in debt and one in assumpsit. This was a clear misjoinder of counts, and for that reason the judgment must be reversed and the cause remanded, with leave to amend.

*Judgment reversed.*