THOMAS BIGGINS

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Mt. Vernon October 2, 1880.*

1. TAXATION—*personal liability for unpaid taxes—upon whom it rests—construction of the statute.* Section 59 of the Revenue Act, provides that "the owner of property, on the first day of May in any year, shall be liable for the taxes of that year. The purchaser of property on the first day of May, shall be considered the owner on that day." This, by implication, excludes the idea of a personal action against any person other than such owner. The purchaser of property does not become personally liable, by virtue of this section, for any taxes assessed, and which were due and unpaid, for years prior to that in which he became the owner, but only for such as may be assessed for the year or years in which he was the owner on the first day of May.

2. Nor does section 232 of the act affect the question. That section simply provides that "the county board may, at any time, institute suit in an action of debt, in the name of The People of the State of Illinois, in any court of competent jurisdiction, for the amount due on forfeited property." This does

not, in any manner, enlarge the provisions of section 59, as to the persons who shall be personally liable for the tax.

3. And though the property may become forfeited at a time when a particular person is the owner, but for taxes assessed for a year or years prior to that in which his ownership accrued, such forfeiture will not operate to create a personal liability in him to pay the tax.

4. PLEADING—*of the declaration in an action to enforce a personal liability for taxes.* In an action under the Revenue act, to recover a tax upon property which has become forfeited to the State, the declaration should state the year for which the supposed tax was levied, and should also state that the defendant was the owner of the property on the first day of May of that year.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. COPPINGER & GILLESPIE, for the appellant.

Mr. C. L. COOK, and Messrs. WISE & DAVIS, for the appellees.

Mr. CHIEF JUSTICE DICKEY delivered the opinion of the Court:

This is an action commenced in the name of The People of the State of Illinois against Biggins, on the 28th day of July, 1879, for the recovery of taxes due and unpaid upon the property known as the Old Penitentiary, in Madison county, Illinois.

The declaration states that, on the 10th day of July, 1879, Biggins was indebted to the people in the sum of $5679.75, for the amount theretofore due on property forfeited to the State for nonpayment of taxes, interest and costs, on the following real estate (here follows a description of the property), to be paid by said defendant to said plaintiffs when he should be thereafter requested. The declaration stated that by reason thereof, the above sum remaining unpaid, an action hath accrued, etc.

This declaration is clearly defective.

As to the matter of a personal action, to recover unpaid taxes, the 59th section of the Revenue act provides that "the

owner of property on the first day of May in any year, shall be liable for the taxes of that year.   The purchaser of property on the first day of May shall be considered as the owner on that day."   This, by implication, excludes the idea of a personal action against any person other than *such* owner.

This declaration fails to show that defendant was the owner of the property in question at any given time.   In an action under this statute, common certainty requires that the declaration should state the year for which the supposed tax upon the property was levied, and should also state the defendant was the owner of the property on the first day of May, in that year.   *The People* v. *Winkelman,* 95 Ill. 412.

On the trial, the only proof introduced upon the subject, tended to show that the defendant became the owner of the property in question in November, 1877.   The taxes claimed upon the trial consisted of taxes for the year 1878, and of back taxes for the year 1871–77, and the intervening years. The taxes for 1878 amounted to only about $250, yet judgment was rendered for the sum of $5679.25.   The bill of exceptions shows that more than $5000 of this sum consisted of the back taxes from 1871 to 1877, inclusive.   The question presented is, whether the purchaser of property upon which taxes are due and unpaid, becomes, by virtue of this section of the statute, personally liable for these back taxes.   His personal liability for taxes is not extended, by the statute, to any taxes except the taxes for the years in which he was the owner of the property on the first day of May therein.

But it is insisted that section 232 modifies the law in this respect.   This is as follows:   "A county board may, at any time, institute suit in an action of debt, in the name of The People of the State of Illinois, in any court of competent jurisdiction, for the amount due on forfeited property."   And it is said by counsel, the "statute does not say, against the owner of the property at the time the taxes accrued."

It is true, this clause of the statute is silent as to the person against whom such action is to be brought.   A clear inference

is, that the action is to be brought against the person personally liable, under the statute, to pay the tax for which the property was forfeited. Counsel say that the action must, evidently, be brought against "the owner of the land when last forfeited." This position is unwarranted. The object of this section was, evidently, to repel any suggestion that when the property was forfeited, or stricken off to the State, such forfeiture, or purchase by the State, should be regarded as a satisfaction of the personal liability of the owner to pay the tax. There is nothing in the language of this section tending to enlarge, in any manner, the provisions of section 59, as to the persons who should be liable to an action for the amount of the taxes.

The circuit court clearly erred in charging the defendant with a personal liability for taxes for the years prior to the time when he became the owner. For this reason the judgment must be reversed.

*Judgment reversed.*