The People *ex rel.* Philiskey F. Stanley

*v.*

Michael W. Ryan.

*Filed at Ottawa January 25, 1886.*

1. Redemption *from tax sale—what essential to a valid redemption—as to subsequent taxes.* In order to make a valid redemption of lots from a tax sale, the party redeeming is required by the statute to deposit with the county clerk the amount for which they were sold, together with the statutory penalty which may have accrued, and all subsequent taxes and special assessments, with ten per cent interest thereon from the day of their payment, unless such subsequent taxes and 'special assessments have been paid by or on behalf of the person for whose benefit the redemption is sought to be made.

2. To a petition in due form, for a *mandamus* to compel the county clerk to issue a tax deed to the relator for certain lots sold September 27, 1880, for the sum of $40.65, the clerk filed a plea, in substance, that the certificates of purchase were null and void, for the reason that on April 1, 1881, said lots were redeemed from the tax sale by a person named, the owner or agent, for the sum of $60.98, which sum was deposited with defendant, and by him tendered to the petitioner: *Held,* that as the taxes on the lots for the year 1880 fell due on December 10 of that year, the plea was bad, in not showing the deposit of the taxes of 1880, and interest thereon, or their payment by the party attempting to redeem.

Writ of Error to the Circuit Court of Cook county; the Hon. William H. Barnum, Judge, presiding.

Messrs. Abbott, Oliver & Showalter, for the plaintiff in error.

Mr. Justice Craig delivered the opinion of the Court:

This was a petition for *mandamus,* to compel the county clerk of Cook county to issue a tax deed for certain lots in Garland's addition to the town of Winnetka, which were sold for taxes on the 27th day of September, 1880. The lots were sold for the taxes of 1879, and bid off for the sum of $40.65. The taxes for the year 1880, amounting to $31.50, were paid by the purchaser to the town collector on the 8th

day of February, 1881. The notice required by section 216
of the Revenue act was given. Indeed, the petition showed
that the time for redemption had expired, that the lots were
not redeemed, and that all the requirements of the statute
had been observed which entitled the petitioner to a deed;
that after the time for redemption had expired, affidavits
in form as required by the statute, together with the cer-
tificate of purchase, were presented to the clerk, and a deed
demanded, which the clerk refused to issue. To the petition
respondent interposed a plea substantially as follows: That
petitioner ought not to have a writ of *mandamus* against him,
because he says that at the time said certificates of purchase
of the lots of land in said petition mentioned, together with
said affidavits, were presented to the defendant, with said
request for a tax deed thereon, said certificates were null and
void, and without legal force or effect, by reason of the fact
that a long time prior thereto, to-wit, on April 1, 1881, each
and all of said lots, in all of said certificates described, were
redeemed from said tax sale of September 27, 1880, by one
S. H. Ingraham, at that time the owner or agent of said
premises, for the sum of $60.98, and which said sum of
money was deposited with the defendant, and by him ten-
dered to said petitioner, and all of which acts and doings
were in compliance with chapter 120 of the Revised Statutes
of the State of Illinois; and this the defendant is ready
to verify, wherefore he prays judgment, etc. The petitioner
demurred to the plea, but the court overruled the demurrer,
and as petitioner elected to stand by the demurrer, the court
dismissed the petition.

The only question presented by the record is as to the
sufficiency of the defendant's plea. It will be observed that
the lots sold at the sale for $40.65. At the time the redemp-
tion was made (April 1, 1881,) more than six months had
elapsed, and under the statute the owner was required to
pay, in order to redeem, the amount of the bid, and a penalty

of fifty per cent, which would make $60.98, and all subsequent taxes and assessments, with interest thereon. Section 210, of chapter 120, provides that the person redeeming shall also pay the amount of all taxes and special assessments accruing after such sale, with ten per cent interest thereon from the day of payment, unless such subsequent tax or special assessment has been paid by or on behalf of the person for whose benefit the redemption is made, and not by the purchaser at the tax sale, or his assignee. Under the statute, it is apparent that the plea interposed by the defendant did not set up facts sufficient to bar the action. At the time the alleged redemption was made, the defendant was required by the statute to pay the amount bid for the lots, ($40.65,) a penalty of fifty per cent, making $60.98, and all subsequent taxes. The plea contains no averment whatever in regard to subsequent taxes, and for that reason it was bad. Section 135 of the Revenue law requires the books for the collection of taxes to be delivered by the county clerk to the collectors on the first of December, or within two days thereafter, or as soon thereafter as the collectors are qualified. Under this section of the statute the taxes may be regarded as due as early as the tenth day of December, annually, and as the taxes for the year 1880 were due and payable when the attempted redemption was made, on the first day of April, 1881, defendant was bound to aver, in his plea, that the taxes, and interest thereon, were deposited with the county clerk, in addition to the amount of the bid and fifty per cent penalty, or aver that the taxes were paid by the person making the redemption.

As the plea failed to allege either of these plain requirements of the statute, it was bad, and the court erred in overruling the demurrer.

The judgment of the circuit court will be reversed, and the cause remanded.

*Judgment reversed.*