### Jennie F. Sexton v. J. B. Sikking, Adm'r, etc.

1. TAXES—*Due at the Death of the Taxpayer.*—A tax due at the death of the taxpayer is to be regarded as debt against his estate, to be paid by the administrator or executor. But a tax accruing after his death is to be paid by the heir or devisee.

2. CAVEAT EMPTOR—*The Rule as to Administrator's Sales.*—The doctrine of *caveat emptor* applies to an administrator's sale of real estate. He has no authority to warrant the title.

3. ADMINISTRATION OF ESTATES—*An Administrator Has No Authority to Pay Taxes.*—Until ordered by the County Court to do so, an administrator has no authority to engage to pay taxes upon the property of the estate he represents.

**Claim in Probate for Money Paid as Taxes.**—Appeal from the Circuit Court of St. Clair County; the Hon. MARTIN W. SCHAEFER, Judge, presiding. Heard in this court at the February term, 1900. Affirmed. Opinion filed September 8, 1900.

R. W. ROPIEQUET and M. D. BAKER, attorneys for appellant.

MESSICK, MOYERS & CROW, attorneys for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

On September 19, 1898, Susan Calvert died intestate. At the time of her death she was seized of certain real estate, of which she was the owner on the first days of May and April of the said year. A conservator had been appointed for her August 5, 1897, and continued so to her death. He thereupon proceeded to wind up her estate according to the statute. A bill was filed by him to sell the real estate

to pay debts, and it was sold under decree of the St. Clair County Circuit Court on the 18th day of February, A. D. 1899. At this sale the property was purchased by Jennie F. Sexton, appellant, her husband acting as her agent. There is a controversy as to what transpired at the time of the sale. Sexton claims that at the sale a statement was made by the administrator in response to his (Sexton's) question, that the taxes of 1898, then due on said real estate, would be paid by the estate, and the property would be sold clear of all incumbrances, taxes, etc. Sikking, the administrator, denies this, and claims that he made a statement in reference to special taxes, but not to the taxes of 1898; that he stated that the property would be sold subject to these taxes. After the transfer of the property the administrator refused to pay the taxes for 1898 on said property, and Mrs. Sexton, to avoid a sale of the premises, paid the collector the amount due, $39.19. She then filed a claim for this amount against the estate, and it was allowed by the County Court. An appeal was taken to the Circuit Court by the administrator, the case tried by the court, and the action of the County Court reversed, the claim disallowed and judgment for costs rendered against claimant. From this judgment of the Circuit Court this appeal is taken.

Appellant submitted four propositions to be held by the court. The third and the fourth were based upon an issue of fact, viz., the agreement of the administrator before the sale of real estate to pay the tax assessed against it. There is no definite finding in the record upon this issue in this case, but we infer from the first proposition held for appellee, that the court found that the administrator had not agreed to pay the tax. Unless the court found the opposite, the third and fourth propositions were not germane to the case and were properly refused.

Propositions presented should involve only questions of law, and should not be so complicated that a reviewing court can not tell what the holding on the law was.

The first and second refused holdings were as follows:

" 1st. The court holds as a matter of law that there is a personal liability for taxes resting on the person who was the owner of real estate on the first day of May in every year, under the statute, and where such person dies after said liability thus attaches and before the said tax is collected, the estate of said person is liable for said taxes.

" 2d. The court holds as a matter of law that where an administrator neglects and refuses to pay taxes assessed on real estate which decedent owned on the first day of May prior to his death, and for which by statute he is made liable, and the purchaser of said real estate, to protect himself and avoid costs, is compelled to pay the said taxes, the law implies a promise of repayment by the estate and the person so. paying the said taxes is entitled to be reimbursed for said payment."

For the appellee the court held :

" 1st. The court holds the law to be that the purchaser of said real estate at the administrator's sale as appears from the evidence in this cause, must take such property, subject to unpaid taxes on said property.

" 2d. The court holds the law to be that the administrator in this case had no authority under the law to pay the taxes for the year 1898, on the property sold by him at the sale mentioned in the testimony in this case."

There was no error in refusing the holdings above cited, nor in giving the holdings asked by appellee.

Susan Calvert died September 19, 1898. The taxes on her real estate did not become due until the tax books came into the hands of the collector, which is on the 20th of December. Starr & Curtis, Chap. 120, Sec. 135; People v. Ryan, 116 Ill. 75.

A tax due at the death of the deceased is properly regarded as a debt against the deceased, to be paid by the executor or administrator, but taxes accruing after such death are to be paid by the heir or devisee. Shaw v. Camp, 56 Ill. App. 23.

At an administrator's sale of real estate the doctrine of *caveat emptor* applies. The administrator has no authority to warrant the title. Tilley v. Bridges, 105 Ill. 339; McManus v. Keith, 49 Ill. 390.

When appellant purchased, she acquired only such title

as was in the heirs of Susan Calvert. This title was subject to the taxes assessed against the property but not yet due. Walden v. Gridley, 36 Ill. 532.

At the time of the sale no order had been made by the County Court that the administrator should pay the taxes. The administrator had no authority to engage so to do. Selb v. Montague, 102 Ill. 447.

In any view of the case then, as presented, the holdings of the court were correct. Judgment affirmed.