THE PEOPLE *ex rel.* Henry Weber, County Collector, Appellee, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed February 25, 1911.*

1. TAXES—*when additional road tax levy by town under labor system is invalid.* Section 119 of the Roads and Bridges act authorizes a town under the labor system to authorize, by a vote of the electors, the levy of an additional road tax, not exceeding twenty-five cents on each $100 valuation, "for the purpose of constructing or repairing roads and bridges," and an additional levy is invalid where there is nothing to show that it was voted by the electors for such purposes, but only that it was "for a larger amount of money as shown by the records."

2. SAME—*when certificate should be returned by supervisors to highway commissioners.* If the certificate of the commissioners of highways in a town under the labor system does not show any authority for the additional road tax attempted to be levied, the board of supervisors should refer the certificate back to the commissioners for correction or it should be disregarded by the county clerk in extending the taxes.

3. The objections made in this case to the county tax, city tax and town tax are the same as those made in *People* v: *Chicago and Eastern Illinois Railroad Co.* 248 Ill. 596, and are there disposed of.

APPEAL from the County Court of Shelby county; the Hon. J. K. P. GRIDER, Judge, presiding.

GEORGE B. GILLESPIE, (L. J. HACKNEY, and W. C. KELLEY, of counsel,) for appellant.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Shelby county overruling appellant's objections to judgment against its property for city taxes in the city of Shelbyville, road and bridge taxes in the town of Windsor and county taxes in said Shelby county. The city tax, town tax of Shelbyville township and the county tax are the same

taxes objected to in *People* v. *Chicago and Eastern Illinois Railroad Co.* 248 Ill. 596, and the objections here are identical with the objections in that case and involve the same questions. The judgment in this case as to the said city, town and county taxes was erroneous for the same reasons pointed out in that case, and the opinion in that case will furnish a guide to the county court for further proceedings when this case is re-instated in that court.

Appellant objected to the road and bridge tax of the township of Windsor in excess of twenty-five cents on the $100 valuation. That township is under the labor system and the levy was fifty cents on the $100 valuation. The purposes for which the levy was made and the amount required for each of said purposes were stated in the certificate made by the commissioners to be: "First, for making and repairing of bridges, $1500; second, for the payment of damages by reason of the opening, altering and laying out of new roads and ditches, $200; third, for the purchase of necessary tools, implements and machinery for working roads, $50; fourth, for the purchase of the necessary material for building, repairing and draining roads and bridges, $250; fifth, for the pay of overseers of highways during the ensuing year, $450; sixth, for the payment of all outstanding orders drawn by the commissioners on their treasury, $620." The commissioners certified that "the total amount for the purpose aforesaid being $3070, for raising which amount a tax is levied on all the real, personal and railroad property in said town of fifty cents on the $100." The certificate was endorsed on the back: "Approved by the undersigned board of auditors this the seventh day of September, A. D. 1909.—B. B. Burns, J. Ed. Quigley, E. E. Lansden, J. T. Quigley." The tax was extended on this certificate.

Section 119 of the Road and Bridge act made it the duty of the commissioners of highways to ascertain how much money was required to be raised on real, personal and

railroad property "for the making and repairing of bridges, the payment of damages by reason of the opening, altering and laying out of new roads and ditches, the purchase of necessary tools, implements and machinery for working roads, the purchase of the necessary material for building or repairing or draining roads and bridges, the pay of the overseer of highways during the ensuing year, and for the payment of all outstanding orders drawn by the commissioners on their treasurer, commencing on Tuesday next preceding the annual meeting of the county board in September." For these purposes the commissioners were authorized by said section, as amended in 1909, to levy a tax not exceeding twenty-five cents on the $100 valuation. The commissioners were required by said section 119 to give to the supervisor of the township a statement of the amount necessary to be raised and the rate per cent of taxation on or before the Tuesday next preceding the annual September meeting of the board of supervisors, and the supervisor is required to cause the statement to be submitted to the board for their action at said September meeting. Said section 119 also provides that if notice shall be given by posting notices in at least three of the most public places in the town, at least ten days before the annual meeting, that a larger amount of money will be required "for the purpose of constructing or repairing roads or bridges" than can be realized from the tax authorized to be assessed by the commissioners, the legal voters present at such town meeting may authorize an additional amount to be levied, not exceeding twenty-five cents on each $100 valuation. Prior to the amendment of 1909 this additional amount was fixed by the statute at forty cents on the $100.

The State's attorney, at the hearing of the objections, offered in evidence the record of the town clerk of Windsor township of the annual town meeting held in said township on the 6th day of April, 1909. Said record recites that "on Tuesday, the 6th day of April, A. D. 1909, an annual meet-

ing was held for the purpose of voting for or against an
extra forty cent levy on the $100 for road and bridge pur-
poses. The said notices were duly posted as the law di-
rects. The said meeting was called to order by the town
clerk at the hour of two P. M., and James A. Moberly
was chosen moderator and the following votes were cast
by count: For the assessment, 36; against, 34. Tellers,
W. W. Hartsell, H. C. Grider." The People, by leave of
court, amended the certificate of levy by adding to the cer-
tificate of the commissioners above quoted, after the fig-
ures "$100," in the last line, "twenty-five cents of said levy
being the regular rate duly levied by the commissioners of
highways, and the said additional twenty-five cents being
the amount voted at the annual town meeting by the elect-
ors of said town for a larger amount of money, as shown
by the town records, after due notice had been given in ac-
cordance with the statute in such case made and provided."

The original certificate made by the commissioners gave
no authority to extend the additional levy of twenty-five
cents on the $100 valuation, and should have been referred
by the board of supervisors back to the commissioners of
highways for correction or have been disregarded by the
county clerk in extending the taxes. (*Peoria, Decatur and
Evansville Railway Co.* v. *People,* 116 Ill. 232.) Waiving
any question of the propriety of permitting the amendment
to be made, the certificate as amended does not show any
authority for levying the additional twenty-five cents. As
amended, the certificate shows that the additional twenty-
five cents voted at the annual town meeting by the electors
of said town was "for a larger amount of money, as shown
by the town records." The additional levy can only be au-
thorized by the electors at the annual town meeting "for
the purpose of constructing or repairing roads or bridges."
It nowhere appears from this record that the additional
levy was voted by the electors for the purposes authorized
by the statute. The certificate, as amended, recites that the

electors voted "for a larger amount of money." The additional levy, to have been valid, was required to be made in the manner and for the purposes provided by the statute. It was not so made in this case, and the court erred in not sustaining appellant's objection to it.

The judgment is therefore reversed and the cause remanded to the county court for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*