THE PEOPLE *ex rel.* Charles E. Landers, County Collector, Appellee, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed December 21, 1911.*

1. TAXES—*when certificate for additional road tax, under section 119, does not comply with statute.* The purpose for which an additional tax may be authorized by the voters under section 119 of the Roads and Bridges act is limited to "the constructing or repairing of roads and bridges," and a certificate of levy "for the aforesaid purposes," (referring to all of the six purposes specified in said section 119,) does not comply with the statute. (*People* v. *C., C., C. & St. L. Ry. Co.* 249 Ill. 160, followed.)

2. SAME—*when cross-error based on sustaining an objection to tax cannot be considered.* Cross-error assigned on the ruling of the county court in sustaining an objection to the road and bridge tax of an entire town cannot be considered, where there is nothing in the record as abstracted by appellant to show why the objection was sustained and no additional abstract of record is filed by the appellee.

3. SAME—*presumption is that tax was legally levied.* The presumption is that a tax was legally levied, and the burden is upon the objector to establish the contrary.

4. SAME—*what must be proved to show that labor system was abolished.* To support an objection to a district road tax upon the ground that there had been an election abolishing the labor system, the objector must prove not only that the report of the canvassing board showed a majority vote in favor of the proposition to abolish the labor system, but also that the election was held on proper petition and notice.

APPEAL from the County Court of Montgomery county; the Hon. JOHN L. DRYER, Judge, presiding.

D. R. KINDER, (JOHN G. DRENNAN, of counsel,) for appellant.

HARRY C. STUTTLE, State's Attorney, for appellee.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Montgomery county against the property of appellant for $142 on account of road and bridge tax in Bois D'Arc township and for $115.59 for district road tax in district No. 2 in North Litchfield township, in said county.

The appellant objected to the road and bridge tax of Bois D'Arc township in excess of twenty-five cents on the $100 valuation. That township is under the labor system. The certificate of the highway commissioners stated that the purposes of the levy were "(1) for making and repairing bridges, $3000; (2) for payment of damages by reason of opening, altering and laying out new roads and ditches, $2000; (3) for purchase of necessary tools, implements and machinery for working roads, $1000; (4) for purchase of necessary materials for building, repairing and draining roads and bridges, $1500; (5) for pay of overseers of highways during the year, $1000; (6) for payment of outstanding orders drawn by the commissioners on their treasurer, $2000,—being a levy of twenty-five cents on the $100 valuation." The commissioners further certified that at the annual town meeting held on April 19, 1910, "an additional levy of twenty-five per cent on the $100 was ordered levied by the legal voters present at said meeting, for the aforesaid purposes."

Section 119 of the Roads and Bridges act provides that the highway commissioners shall ascertain how much money must be raised "for the making and repairing of bridges, the payment of damages by reason of the opening, altering and laying out of new roads and ditches, the pur-

chase of necessary tools, implements and machinery for working roads, the purchase of the necessary material for building or repairing or draining roads and bridges, the pay of the overseer of highways during the ensuing year, and for the payment of all outstanding orders drawn by the commissioners on their treasurer," and shall levy a tax on all the real, personal and railroad property in said town, not exceeding twenty-five cents on the $100. The section also provides that upon the giving of notice "that a larger amount of money will be required for the purpose of constructing or repairing roads or bridges in their town than can be realized from the real, personal and railroad tax authorized by law to be assessed by the commissioners," the voters may at the next town meeting authorize "an additional amount to be raised by tax, not exceeding twenty-five cents on each $100 valuation." The question here presented is whether the words in the additional levy, "for the aforesaid purposes," can be fairly construed to mean the same as the words of the statute, "for the purpose of constructing or repairing roads or bridges." This statute must be strictly construed. Under the reasoning of this court in *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 249 Ill. 160, we think the words used in the certificate of levy cannot be construed to comply with the statute. The objection to this additional levy should therefore have been sustained by the county court.

It is further contended by appellant that the town of North Litchfield was operating under the labor system until April 10, 1910, at which time, by a majority of 330, the voters abolished that system, and that in pursuance of this action the commissioners of highways levied thirty-six cents on the $100, and filed a certificate to that effect with the board of supervisors. Appellant objected to this tax and the trial court sustained the objections. It also objected to the district road tax in district No. 2 of North Litchfield for $115.59. Counsel contend that this objection

should also have been sustained.  There is nothing in this record to show why the trial court sustained the objection to the road and bridge tax as to the entire town of North Litchfield and overruled it as to the road and bridge tax in road district 2 of said town.  The record is not abstracted as to the objection to the road and bridge tax of the entire town, and while appellee has filed cross-errors to this tax, no additional abstract was filed and no reasons are set out in the brief why the court ruled incorrectly in sustaining the objection as to this tax.  This court, in this state of the record, is not required to rule on the cross-errors.  In order to sustain its objection as to the $115.59 levied for the road and bridge tax in district No. 2 of North Litchfield township, it was necessary for the appellant to prove that the election abolishing the labor system was based upon a proper petition and notice.  (*Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Randle,* 183 Ill. 364; *Chicago and Northwestern Railway Co.* v. *People,* 193 id. 539; *People* v. *Toledo, St. Louis and Western Railway Co.* 231 id. 514.)  No such proof was made.  The only proof in the record is, that at the annual town meeting the report of the canvassing board was made that 623 votes were cast for abolishing the labor system and 293 against it. The presumption of law is that a tax is legally levied, and the burden of proof is upon the objector to establish the contrary.  (*Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *People,* 212 Ill. 551.)  Appellant not having proved that the election to abolish the labor system was based on a legal petition and statutory notice, this court cannot hold, on this record, that the labor system was abolished in said town.  The county court therefore rightly overruled the objections as to the $115.59 for road and bridge tax in district No. 2.

The judgment of the county court overruling the objections to the $115.59 for road and bridge tax in district No. 2 in North Litchfield township must therefore be af-

firmed, but the judgment of the court must be reversed as to the road.and bridge tax in Bois D'Arc township and the cause remanded to the county court, with directions to sustain the objection to the said additional levy for road and bridge purposes.

*Affirmed in part and reversed in part, with directions.*