(No. 11443.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* THE BRODSKY-PALMAN-GELBER COMPANY, Appellant.

*Opinion filed October 23, 1917.*

PLEADING—*what is a sufficient statement of claim in suit for taxes.* In a suit by the People in the municipal court of Chicago a statement that the plaintiff's claim "is for personal property taxes for the year A. D. 1914 levied and extended against the assessment of defendant's personal property in the town of West Chicago, in Chicago, Cook county, Illinois, as appears from personal property tax warrant in volume 2, page 48, line 15," is sufficient.

APPEAL from the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding.

EDELSON & EDELSON, (MORRIS K. LEVINSON, of counsel,) for appellant.

MORRIS SCHAEFFER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This suit was brought in the municipal court of Chicago and the statement of the plaintiff's claim was as follows: "Plaintiff's claim is for personal property taxes for the year A. D. 1914 levied and extended against the assessment of defendant's personal property in the town of West Chicago, in Chicago, Cook county, Illinois, as appears from personal property tax warrant in vol. 2, page 48, line 15." The statement was followed by an affidavit of the claim in the same language. The cause was submitted to the court without a jury, and there was a finding and judgment against the defendant for $660 and costs.

The error assigned and argued by counsel is that the statement of claim failed to set forth a cause of action because it did not aver "(*a*) that the defendant [appellant] owned any personal property on the first day of May, 1914,

or any other year; (*b*) that defendant owned any personal property on the first day of May, 1914, or any other year; (*c*) that any assessment was made by any proper authority against any property owned by defendant; (*d*) that any personal property belonging to defendant required to be listed was located in the said town of West Chicago on May 1, 1914."

The statement informed the defendant that the claim was for taxes for the year 1914, that the taxes were levied and extended against an assessment of the defendant's personal property in the town of West Chicago, in Chicago, in Cook county, Illinois, and that the claim appeared from the collector's warrant. In support of the argument that these facts did not constitute a cause of action, reliance is placed upon the decisions of this court in *People* v. *Winkelman,* 95 Ill. 412, where it was not averred that the defendant was the owner of the property assessed at the time of the assessment; *Biggins* v. *People,* 96 Ill. 381, where the declaration failed to state the year for which the taxes were levied; *People* v. *Davis,* 112 Ill. 272, where the declaration failed to allege facts making the property taxed legally taxable in the town of Taylorville; *Bowman* v. *People,* 114 Ill. 474, where the declaration did not show that the defendant was the owner of the property taxed; and *Ottawa Gas Light Co.* v. *People,* 138 Ill. 336, where the declaration failed to show that the tax was upon property in the county of LaSalle. None of these decisions support the argument against the statement of claim in this case, which shows that the property taxed was the defendant's personal property in the town of West Chicago and that it was assessed and taxes were levied thereon and extended for the year 1914. Not only is that true, but section 230 of the Revenue act, as amended in 1881, (Laws of 1881, p. 129,) provides that the assessment of property to a person, firm or corporation shall be *prima facie* evidence that such person, firm or corporation is the owner thereof and liable

for the taxes of the year or years for which the assessment is made.

The statement of claim was not deficient or defective in any particular but stated a cause of action, and the judgment is affirmed.                    *Judgment affirmed.*