## Mercy Hospital and Mercy Orphan Asylum, Appellant, v. J. Joseph Wright, Executor, et al., Appellees.

## Gen. No. 6,616.

1. APPEAL AND ERROR, § 960*—*when transcript prevails over certified copy of order of appeal.* On motion to dismiss an appeal on the ground that a joint appeal was perfected by only one party, the transcript reciting that only one party prayed appeal, will prevail over a certified copy of the order of appeal showing a joint appeal taken.

2. TRUSTS, § 130*—*when person designated executor in will is trustee.* The fact that an executor in a will is directed to perform certain duties with reference to the estate covering a number of years, and is referred to as executor, does not change his status to that of executor where he is clearly acting as trustee.

3. EXECUTORS AND ADMINISTRATORS, § 523*—*when executor not entitled to compensation or allowance for expenses in caring for property.* An executor empowered to take charge of an entire estate and turn over rents and profits to the life tenant during her lifetime has no duties as executor as to the real estate, and is not entitled in his final account to allowances for compensation or expenses incurred in the management of the real property; these matters belong to his account as trustee rather than executor.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. EXECUTORS AND ADMINISTRATORS, § 526*—*when executor not entitled to allowance for attorney's fees and expenses.* An executor empowered to take charge of an entire estate and turn over rents and profits to the life tenant during her lifetime has no authority as executor to hire attorneys in proceedings for a conservator for the life tenant and cannot receive credit in his final account as executor, for attorney's fees and expenses so created.

5. EXECUTORS AND ADMINISTRATORS, § 520*—*when executor not entitled to credit for taxes on real estate.* An executor empowered to take charge of an entire estate and turn over rents and profits to the life tenant during her lifetime cannot include, in his final account as executor, a credit for taxes on the testator's real estate not due and payable until some time after the testator's death; these matters belong to his account as trustee.

Appeal from the Circuit Court of Kane county; the Hon. CHARLES F. IRWIN, Judge, presiding. Heard in this court at the October term, 1918. Reversed and remanded with directions. Opinion filed April 4, 1919.

R. W. CLIFFORD, for appellant.

JOHN S. HUEY, for appellee Wright, executor, and JOHN S. HUEY, *pro se,* claimant.

JOHN A. RUSSELL, *pro se.*

HARRY G. HEMPSTEAD, for Frank Rockwell.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case a preliminary motion was made by John A. Russell, on the assumption that he was a party in interest, to dismiss the appeal, which motion was joined in by J. Joseph Wright, whose account as executor is involved in this litigation. The dismissal of the appeal is asked on the ground that a joint appeal by Mercy Hospital and Mercy Orphan Asylum and the Board of Education of District No. 87, St. Charles, Illinois, was prayed and allowed; and that this joint appeal was perfected only by one of the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

parties, namely, Mercy Hospital. The parties making the motion attached thereto a copy of the order of appeal certified to as correct by the clerk of the Circuit Court, which shows that apparently a joint appeal was taken as claimed; but the transcript of the record filed in this court certified to by the clerk shows that the Mercy Hospital only prayed the appeal, which was also perfected by the Mercy Hospital. We are bound under these circumstances to take the recitals concerning the appeal which appear in the transcript of the record on file as correct, and the motion is therefore denied.

Charles H. Haines died July 24, 1914, leaving an estate of variously estimated value of from $300,000 to $500,000. The deceased was unmarried, and left no child nor children surviving him, his aged mother, Harriet S. Haines, being his sole heir at law. He left a last will and testament in which J. Joseph Wright was named as executor, and he was afterwards duly appointed as such executor by the Probate Court. By the terms of the will the deceased testator bequeathed to his mother, Mrs. Harriet Haines, all the net income of his entire estate, real, personal and mixed, for the full term of her natural life, and the executor named was authorized by the will to take and hold all of said estate intact during the term of the natural life of the mother, and to collect the rents, issues and profits of said estate, and to pay the same over to the mother as fast as collected, retaining, however, sufficient to pay all taxes, insurances and other legitimate expenses connected with the proper management of the estate, and in any event to pay over to the mother all of the net income at the end of each year after the death of the testator. The appellant, Mercy Hospital and Mercy Orphan Asylum, with the Board of Education for District No. 87, St. Charles, Illinois, were residuary legatees under the will, the Mercy Hospital taking two-thirds, and the Board of Education taking one-third, of the residuary estate. The appellee, J.

Joseph Wright, after his appointment as executor, duly qualified as such and took charge and possession of all the property, real and personal, and proceeded to carry into effect the provisions of the will which related principally to the management of the estate with a view of carrying into effect the trust provisions, and paying over to the mother the net income during her lifetime. The mother died on the 23rd day of March, 1915. In March, 1916, the executor filed his account as executor of the estate in the Probate Court. Objections were filed by the Mercy Hospital, one of the residuary legatees, to the executor's account. The account was approved with certain modifications made by the court. An appeal was thereupon taken and perfected to the Circuit Court, where another hearing was had and a somewhat different finding was made by the court in reference to the matters contested. The Mercy Hospital, as residuary devisee and legatee, appealed from the order of the Circuit Court approving the executor's account. The contention on appeal relates principally to four items in the account. The appellant claims that the allowance of $5,000 fees for the executor's services was excessive compensation; that the allowance of $5,000 for the fees of the executor's attorney, John S. Huey, was also excessive; that there was no legal ground for the allowance to Frank A. Rockwell of $2,083; and that the allowance of $1,500 credit for amount charged for the services of John A. Russell in the matter of the application to appoint a conservator for Mrs. Haines, the mother of the testator, was not legal. It is apparent from the proofs made concerning the character and value of the services rendered by the several parties that they relate principally to the trust estate created by the terms of the will, and practically all the duties which are imposed by the terms of the will on the appellee Wright also pertained to the trust estate; and all matters pertaining to a trust estate are within the exclusive jurisdiction of a court of equity. While it is true that the

will calls upon the executor to perform these duties, nevertheless, he could only perform them in his capacity as trustee; and the fact that he is called executor instead of trustee does not in any manner change the character of the duties, nor the official function in which he acted. *Mullanny v. Nangle*, 212 Ill. 247. As executor the appellee Wright had no duties whatever, with reference to the real estate; the personal property was ample and sufficient to settle the debts of the testator and the costs of the administration of the estate. It is evident, therefore, that the executor as such would have no right to claim fees for services in the management and disposition of the real estate and the rents and profits thereof. His claim for compensation, which was allowed, however embraces fees for services rendered not only as executor in the settling of the personal estate but for services rendered as trustee as well, and it is apparent that the court in allowing the $5,000 for his compensation as executor took into account all the services which he rendered in the estate as trustee, and it is not possible to tell what part of the amount was allowed by the court for trustee services and how much the court allowed for executor services. We are of opinion that the court could only legally allow the executor compensation for the services which he performed in the capacity of executor, and that the evidence heard on the question of the amount due should have been limited to that. The amount allowed as a credit for John S. Huey's services as attorney is practically in the same category. Most of the services for which the executor paid Huey were services rendered for the appellee Wright as trustee, and in reference to the real estate of the testator, and in connection with the management of the trust estate. The same objection to the allowance of the Huey fees as a credit holds good against the item of the claim for the special legal services of Frank A. Rockwell. The record discloses that all of Rockwell's services, with perhaps one slight exception, pertained

to real estate matters, and to the trust estate, and therefore practically the entire credit claimed should be disallowed. Nor do we find any legal basis for allowing credit to the executor for the $1,500 item of attorney's fees in the matter of the application to appoint a conservator for Mrs. Haines. It was not within the scope of the duties of appellee as executor to employ counsel for this purpose. The question of whether or not Mrs. Haines should have had a conservator had nothing whatever to do with the administration of the personal estate of the deceased testator, even though it might have been evident that the parties making the application for conservatorship had an ulterior object in view, namely, of attacking the will of the deceased through the conservator, if appointed. This credit item should therefore have been disallowed. The question of what would be a proper compensation to the trustee for his services, as such, or what would be the proper amount to be allowed for the services which attorneys rendered the trustee in the management of the trust estate, are not before us for consideration. The only matters before us concern the compensation of the executor, as such, and to what extent the items of credit claimed by the executor in his report may be legally allowed.

The appellant has also made objection to the credit claimed for the taxes of the year 1914. These taxes were assessed against the real estate of the deceased testator, and were not due or payable until 6 months after the death of the testator; they never became, therefore, a personal obligation against him, nor a debt against his personal estate. *Sexton v. Sikking,* 90 Ill. App. 667. The taxes of 1914 were properly chargeable to the trust estate as a matter of law. *Blair v. Johnson,* 215 Ill. 552; *Hanna v. Palmer,* 194 Ill. 41. And under the terms of the will they were properly payable out of the rents, issues and profits of the trust estate. This credit item claimed should, therefore, have been disallowed. It is obvious that the real

estate taxes of the year 1915 were not an obligation of the personal estate of the testator, and this credit item claimed should also have been disallowed.

As to how much compensation should be allowed the executor for his services, as such, and how much he should be allowed as a credit for fees for his attorneys in the executorship are questions primarily for the lower court to pass upon; and this court is not in position from the state of the evidence in the record to determine these matters; the case is therefore reversed and remanded for another hearing to ascertain and determine the proper amount to be allowed the executor as compensation in accordance with the views herein expressed, and the proper amount of credits which he should be allowed for attorneys' fees in the administration of the personal estate, as well as any other proper credits to which he may be entitled; and the court is directed to disallow the $1,500 item of attorneys' fees in the matter of the conservatorship contest; also to disallow the credit items for the taxes of the years 1914 and 1915. Reversed and remanded with directions.

*Reversed and remanded with directions.*