(No. 17495.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* J. B. CLOW & SONS, Appellant.

*Opinion filed October 28, 1926.*

TAXES—*what does not overcome prima facie case for collection of delinquent personal property tax.* In an action in debt for the collection of a delinquent personal property tax the *prima facie* case made by the People by showing that a certain assessment was made on the defendant's personal property in the town and the amount of tax thereon, which is delinquent and unpaid, is not overcome by the fact that in a certain record or tax notice it is recited that the property assessed is situated at a particular address, at which place the defendant did not own any personal property, where it did own personal property at another address in the same town which is not shown to be otherwise assessed or non-taxable.

APPEAL from the Circuit Court of Cook county; the Hon. HARRY M. FISHER, Judge, presiding.

GLENNON, CARY, WALKER & MURRAY, (SIDNEY F. MOODY, of counsel,) for appellant.

ROBERT E. CROWE, State's Attorney, and WILLIAM H. DUVAL, (ROBERT C. O'CONNELL, of counsel,) for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

An action of debt was brought in the name of the People of the State of Illinois against appellant in the circuit court of Cook county for alleged delinquent and unpaid personal property taxes for the year 1921. The case was tried before the court without a jury and judgment rendered in favor of appellee, against appellant, for the sum of $3820, from which judgment an appeal has been taken to this court.

The declaration consists of one count, which alleges, in substance, that appellant was the owner of and had under its possession and control in the town of West Chicago on April 1, 1921, personal property against which an assess-

ment was made and that the tax based thereon amounted to $3820, which was delinquent and unpaid. The defendant filed its plea of the general issue.

Section 230 of the Revenue act provides that the assessment of property to a person, firm or corporation shall be *prima facie* evidence that such person, firm or corporation is the owner thereof and liable for the taxes of the year for which the assessment was made. (*People* v. *Brodski-Palman-Gelber Co.* 280 Ill. 168.) It was stipulated in this case that the People had made such a *prima facie* case. Appellee was therefore entitled to judgment unless the *prima facie* case so made was overcome by evidence on the part of appellant. (*People* v. *Thompson,* 295 Ill. 187.) The schedule which was the basis of the assessment was not introduced in evidence, as such schedules are destroyed after the expiration of two years after being made, and there is no evidence in the record as to what particular property was embraced therein, and there is no evidence in the record that appellant was not the owner on April 1, 1921, of the property enumerated in the schedule upon which the assessment was based. It is difficult to ascertain upon just what evidence appellant seeks to defend, as the bill of exceptions contains but little evidence and consists mostly of colloquy or argument between court and counsel, but from the statements of counsel the defense seems to be that in the tax notice or statement, or in "records in the recorder's office," the tax purported to have been levied on personal property situated at 2238 West Twenty-second street, and that appellant did not own on April 1, 1921, any property at that place while it did own personal property, not otherwise assessed, at 2238 Western avenue, both of which places were in the town in which the assessment was made. No evidence was introduced tending to show that the specific property upon which the assessment was made was not appellant's property at 2238 Western avenue or that such specific property was not subject to taxation in

that town.   The fact that appellant did not on April 1 of that year own any property at 2238 West Twenty-second street falls far short of meeting the *prima facie* case made by appellee, and the court properly entered judgment for the amount delinquent.

The judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*