(No. 21050

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* THE OLD SECOND NATIONAL BANK OF AURORA, Appellant.

*Opinion filed February 19, 1932—Rehearing denied April 7, 1932.*

MORRIS SCHAEFFER, (EDWARD J. MCARDLE, JR., of counsel,) for appellant.

GEORGE D. CARBARY, (C. A. SHULTS, of counsel,) for appellee.

Mr. COMMISSIONER PARTLOW reported this opinion:

Appellee, the People of the State of Illinois, began an action of debt in the circuit court of Kane county against appellant, the Old Second National Bank of Aurora, Illinois, a corporation, to recover $5477.40 for unpaid taxes assessed against its capital stock. Appellant demurred to the declaration, and the demurrer was sustained to the second count and overruled as to the other counts. Appellant elected to stand by its demurrer, judgment was entered against it, and an appeal was prosecuted to this court.

The first count of the declaration alleged, in substance, that on April 1, 1929, appellant was engaged as a National bank by virtue of the statutes of the United States and its place of business was at Aurora, in Kane county, Illinois; that on August 11, 1930, it was indebted to appellee in the sum of $5477.40 for the non-payment of general taxes which were lawfully levied and entered against the shares of its stock for the year 1929 by the proper assessing officers of Kane county; that said taxes were due and unpaid on August 11, 1930, and are now due and unpaid, and that on April 1, 1929, said property was subject to taxation in Kane county. The third count consisted of the common counts. It was stipulated that the defense that the action should be against the stockholders instead of against appellant was waived. The demurrer was general and special and alleged that the first count failed to allege that this stock was not assessed at a greater rate than other moneyed capital in the hands of individual citizens of this State where such bank is located, that there was a mis-

joinder of causes of action, and that the declaration was in other respects uncertain, informal and insufficient.

In support of the contention that the demurrer should have been sustained to the first count, appellant insists that prior to the enactment of section 5219 of the Federal statutes no State had authority to assess the stock of National banks but that said section conferred on each State such right upon condition "that taxation of such shares shall not be at a greater rate than is assessed upon any other moneyed capital in the hands of individual citizens of such State;" that after section 5219 was enacted the legislature of this State passed section 35 of chapter 120, (Smith's Stat. 1931, p. 2385,) which provided for the assessment of the capital stock of National banks as authorized by section 5219; that section 35 contains the identical restriction as to equality of assessment as provided by section 5219; that because the first count of the declaration did not set out the reservations in section 5219 and in section 35 of chapter 120 of the State statute the count failed to bring this cause within the terms of those reservations, consequently the first count was subject to a demurrer, which should have been sustained.

This suit was brought under section 230 of the Revenue act, (Smith's Stat. 1931, p. 2417,) which provides that an action of debt may be brought to recover unpaid personal property taxes and that the return of the county collector that the tax is delinquent shall be *prima facie* evidence that such tax is due and unpaid. This tax was assessed under section 35 of the Revenue act, and the authority to enact that section was conferred upon the State by section 5219 of the Federal statute. It was not necessary, however, to set out in the declaration the various statutes or steps under which the tax was assessed or the conditions or reservations in such statutes.

Section 1 of article 9 of the constitution of this State provides that the levy of all taxes shall be by valuation,

so that every person and corporation shall pay a tax in proportion to the value of his, her or its property. This constitutional provision is substantially the same as the conditions or reservations in section 5219 of the Federal statute and section 35 of chapter 120 of our statute, and it was a part of the basic law of this State before the legislature was authorized to assess the capital stock of National banks, therefore section 35 was a mere reiteration of this constitutional provision and it added nothing to the force and effect of that provision.

A declaration for the recovery of unpaid personal taxes is sufficient under a statutory liability therefor which avers sufficient facts to show liability under the statute and the right of the plaintiff to recover. (*People* v. *Illinois Central Railroad Co.* 252 Ill. 262; *Carney* v. *People,* 210 id. 434.) In *Ottawa Gas Light Co.* v. *People,* 138 Ill. 336, it was held that an averment in a declaration that the tax was levied and extended is equivalent to an averment that the levy and assessment are upon a valid assessment and that it is not necessary to aver that the property was duly assessed, as that will be implied. In *People* v. *Brodsky-Palman-Gelber Co.* 280 Ill. 168, it was held that an allegation that the plaintiff's claim was for unpaid personal property taxes for the year 1914 levied and extended against the assessment of defendant's personal property in the town of West Chicago, in Chicago, Cook county, Illinois, as appears from the personal property tax warrant in volume 2, page 48, line 15, was sufficient. In *People* v. *Franklin National Ins. Co.* 343 Ill. 336, it was held that the declaration need not allege more than it is necessary to prove; that all that is necessary is to allege such facts as will fully inform the defendant as to the case which he will be required to meet; that an allegation that the taxes are unpaid and delinquent is proper without alleging particularities to show why they are unpaid and delinquent, and that such an allegation is a statement of fact and not a

conclusion. In *Cleveland, Cincinnati, Chicago and St. Louis Railway Co. v. People,* 212 Ill. 551, it was held that the presumption is that a tax was legally assessed and that the burden is on an objecting tax-payer to prove the contrary. The first count of the declaration averred sufficient facts to show a liability under the statute and the right of appellee to recover. It averred that the tax was levied and extended by the proper assessing officers and was unpaid. The first count was not subject to demurrer, and the demurrer was properly overruled as to that count.

The third count consisted of the common counts. The demurrer alleged that there was a misjoinder of causes of action in the declaration. The common counts are counts in assumpsit and depend upon a contract, express or implied. Taxes are not contractual obligations. (*People v. Dummer,* 274 Ill. 637.) Under section 230 of the Revenue act the proper remedy for the collection of unpaid taxes is an action of debt. In *Guinnip v. Carter,* 58 Ill. 296, it was held to be error to join in the same declaration counts in assumpsit and counts in debt. Where a declaration contains several counts and one of the counts is good, a general demurrer to the declaration will not be sustained even if the other counts are bad. (*Knapp, Stout & Co. v. Ross,* 181 Ill. 392.) The declaration contained one good count and it was sufficient to sustain the judgment.

We find no reversible error, and the judgment is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*