In re Estate of John J. Muldoon, Deceased.
Ellen Muldoon et al., Appellants, v. Margaret T. Muldoon and Albert N. Charles, Appellees.

Gen. No. 42,019.

Heard in the first division of this court for the first district at the October term, 1941. Opinion filed June 1, 1942.

CHARLES R. BARRETT, of Chicago, for appellants.

ALFRED F. BECK, of Chicago, for certain appellee.

WILLIS B. WOOD, of Chicago, for certain other appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Margaret T. Muldoon and Albert N. Charles as executors, were administering the estate of John J. Muldoon, deceased, in the Probate court of Cook county. They filed their account. Ellen Muldoon, Mary Muldoon and Esther O'Rourke, who are legatees named in the will of the deceased, filed objections to items aggregating $3,529.50, for which the executors sought credit, having paid the real estate taxes for 1928 and 1929 on property owned by the deceased at the time of his death. The objections were overruled and the account approved by the Probate court. The case was taken to the Circuit court with a like result and the objectors appeal. Pending the appeal in the Circuit court Margaret T. Muldoon died and Evan W. Edwards, executor of her estate, was substituted.

The material facts as stipulated are that the testator, John J. Muldoon, died August 22, 1929, and his will was admitted to probate by the Probate court of Cook county October 11, 1929. The estate "consisted of, among other items, three (3) parcels of improved real estate" in Chicago and one parcel of unimproved real estate in Cook county, outside the City. The properties were unencumbered and the title to the real estate was in the testator until his death. The "tax books" for the year 1928 on the real estate outside the city came into the hands of the County Collector for collection May 9, 1930, and on the property located in the city May 21, 1930. For the year 1929 the tax books on the parcel outside the city came into the hands of the County Collector March 18, 1931, and for the property located within the city April 13, 1931.

The taxes on the real estate for 1928 and 1929 were paid by Mrs. Muldoon, the co-executrix, in installments the first being May 5, 1930 and the last August 6, 1935. No order of the Probate court of Cook county had been obtained authorizing such payments.

Counsel for both parties seem to agree that under the statute the taxes in question are a personal liability of the owner of the real estate. Counsel for the objectors says: "The sole question presented . . . is whether taxes on real estate of the deceased John J. Muldoon were a proper claim against his estate *when the taxes become due and payable after his death.*" Continuing counsel says: "The taxes became due and payable only from the time that the books were placed in the hands of the County Collector for collection." On the other side the position of counsel for the executors is that Dr. Muldoon, the testator, became liable for the tax on the real estate in question April 1, 1928, and for the next year on April 1, 1929, and that since he did not die until August 22, 1929, the executors were authorized and it was their duty to pay these taxes. In support of this contention counsel say that section 8 of the Revenue Act of 1898 (Smith-Hurd Ill. Rev. Stat. 1927, ch. 120, § 287) provides that: "All property subject to taxation shall be listed by the person at the place and in the manner required by law, and assessed at the place and in the manner required by law with reference to the ownership, amount, kind and value on the first day of April in the year for which the property is required to be listed including all property purchased on that day. The owner of property on the first day of April in any year shall be liable for the taxes of that year.

"The purchaser of property on the first day of April shall be considered as the owner on that day."

In *People v. Winkelman,* 95 Ill. 412, and *Biggins v. People,* 96 Ill. 381, it was said that an action in debt might be maintained against the person who owned real estate on May 1, where there has been a forfeiture for failure to pay taxes. These cases have been cited many times by our Supreme Court and nothing we have been able to find has in any way changed the law as announced in the two cases except that under

the statute now, the date is the first of April and not
the first of May. We are of opinion that the date
fixed by the statute, April 1, is controlling and not the
time when the tax books are delivered to the County
Collector.

Counsel for the objectors cite *Mercy Hospital v.
Wright,* 213 Ill. App. 634; Vol. 1, Horner on Probate
Practice and Estates, § 553, p. 560; *Sexton v. Sikking,*
90 Ill. App. 667; and *Shaw v. Camp,* 56 Ill. App. 23.
We think none of these is controlling here. In the
*Wright* case, Haines, the testator, named Wright as
executor, and bequeathed to the testator's mother all
the net income from his entire estate, real, personal
and mixed, for the term of her natural life. The exec-
utor was authorized by the will to hold all of the es-
tate intact during the life of the mother and to pay
her the net income. Mercy Hospital and others were
named as residuary legatees. Wright qualified as
executor and administered the estate. The mother of
the testator died and the executor filed his account
in the son's estate. The residuary legatees objected
to the amount allowed the executor's attorney, and
other items. The court said: ''It is apparent from
the proofs made concerning the character and value
of the services rendered by the several parties that
they relate principally to the trust estate created by
the terms of the will, and practically all the duties
which are imposed by the terms of the will on the
appellee Wright also pertained to the trust estate;
and all matters pertaining to a trust estate are within
the exclusive jurisdiction of a court of equity. While
it is true that the will calls upon the executor to per-
form these duties, nevertheless, he could only per-
form them in his capacity as trustee; and the fact
that he is called executor instead of trustee does not
in any manner change the character of the duties.''
The court then held the judgment should be reversed,
to ascertain the amount that should be charged to the

executor, and the cause remanded. Continuing the court said that objection was made to the claimed credit for taxes for 1914. ''These taxes were assessed against the real estate of the deceased testator, and were not due or payable until 6 months after the death of the testator; they never became, therefore, a personal obligation against him, nor a debt against his personal estate. *Sexton v. Sikking*, 90 Ill. App. 667.'' In the *Wright* case it appeared that the testator died July 24, 1914, but no reference was made to § 8 of the Revenue Act above quoted which provides that the owner of the property on the first day of April shall be liable for the taxes of that year.

In the section cited from Horner on Probate Practice and Estates the author says, (p. 560): ''An executor or administrator is not bound to pay the taxes falling due after the death of the testator, as they never became a personal obligation against him.'' This in no way defines when the taxes on real estate became a liability of the owner of the property.

In the *Sexton* case, [90 Ill. App. 667] the administrator sold real estate and a dispute arose between the purchaser and the administrator as to whether or not the administrator had offered the real estate for sale subject to unpaid taxes or clear of such taxes. The court said: ''There is no definite finding in the record upon this issue . . . , but we infer from the first proposition held for appellee, that the court found that the administrator had not agreed to pay the tax.'' This was sufficient for the court to have affirmed the judgment, but the court went on to say: ''Susan Calvert died September 19, 1898. The taxes on her real estate did not become due until the tax books came into the hands of the collector, which is on the 20th of December. Starr & Curtis, Chap. 120, Sec. 135; *People v. Ryan*, 116 Ill. 75. [73]

''A tax due at the death of the deceased is properly regarded as a debt against the deceased, to be paid

by the executor or administrator, but taxes accruing after such death are to be paid by the heir or devisee. *Shaw v. Camp,* 56 Ill. App. 23.''

§ 135 referred to in that opinion provides: ''The respective county clerks shall, on or before the twentieth day after the first day of December, annually, or as soon thereafter as the collectors are duly qualified, deliver to them the books for the collection of taxes; and it shall be the duty of the collectors, within such time, or as soon thereafter as they are qualified, to call at the clerk's office and receive said books.'' Nothing is said in the section as to when the taxes became due. The *Ryan* case there cited [116 Ill. 73]˙ was a petition for a writ of mandamus to compel the County Clerk to issue a tax deed to the purchaser at a tax sale. A plea was filed to the petition which, in substance, averred that the certificates of purchase were null and void for the reason that the property had been redeemed from the tax sale, which money had been tendered to the petitioner. The petitioner demurred to the plea which the court overruled. The petitioner elected to stand by its demurrer and the petition was dismissed. The judgment was reversed by the Supreme Court holding that the plea contained no averment in regard to the payment of subsequent taxes and for that reason it was bad. The court then said: ''Section 135 of the Revenue law requires the books for the collection of taxes to be delivered by the county clerk to the collectors on the first of December, or within two days thereafter, or as soon thereafter as the collectors are qualified. Under this section of the statute the taxes may be regarded as due as early as the tenth day of December, annually, and as the taxes for the year 1880 were due and payable when the attempted redemption was made, on the first day of April, 1881, defendant was bound to aver, in his plea, that the taxes, and interest thereon, were deposited with the county clerk, in addition to the amount of the bid and fifty per cent penalty, or aver

that the taxes were paid by the person making the redemption.'' It will be noticed that no reference was made to the statute which there provided that the one who owned property on the first day of May was liable for the taxes levied against the property for that year.

In the *Shaw* case [56 Ill. App. 23] the executor had paid taxes levied against real estate belonging to the deceased in his lifetime. This was objected to but the objection was overruled and on appeal the judgment was affirmed. The court there said: ''The taxes paid by the executor had been assessed upon property owned by the testator on the first day of May, 1890, and were due and payable at the date of his death, which occurred on the 12th day of January, 1891. Taxes so assessed and due, may, we think, be properly regarded as a debt against the deceased, and as such, paid by the executor or administrator. . . . Taxes accruing after the death of the owner stand upon a different footing and are to be paid by the heir, legatee or devisee.'' The court further said: ''Sec. 232, Chap. 220, R. S., entitled Revenue, authorizes county authorities to institute and maintain an action of law against the owners of lands forfeited for non-payment of taxes, costs, etc. This remedy is to be employed against the person who owned the land on the first day of May in any year for which the taxes were assessed. If the executor had not allowed and paid this claim for taxes a judgment under the provisions of this statute might, had the lands become forfeited, have been awarded against the estate upon the proper application of the county authorities. This being true, payment without litigation ought to be regarded as within the power of the executor and he entitled to credit therefor.''

The judgment of the Circuit court of Cook county is affirmed.

*Judgment affirmed.*

McSurely, P. J., and Matchett, J., concur.